USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JERMAINE DUNHAM,                           :

                Plaintiff,        :       11 Civ. 1223 (ALC)(HBP)

   -against-                              :       REPORT AND
                                                         RECOMMENDATION
CITY OF NEW YORK, et al.,                  :

                Defendants.       :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

       TO THE HONORABLE ANDREW L. CARTER, United States District Judge

       This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiff alleges that he was subjected to excessive force in the course of an arrest and that he received deficient medical care after his arrest.

       In Docket Item 33, plaintiff seeks two types of relief. Neither application is meritorious.  First, plaintiff moves to strike defendants' answer pursuant to Fed. R. Civ. P. 12(f) on the ground that it fails to raise a sufficient defense.  This motion must be denied.  Plaintiff's motion appears to be premised on the mistaken belief that defendants should not be permitted "to deny that [he] was [] assaulted by officers and [a] K-9 unit

dog [] on the 15th of February 2008" (Docket Item 33). Although plaintiff is free to disagree with defendants' denial, subject to the limitations of Fed.R.Civ.P. 11, defendants do have the right to deny plaintiff's allegations. If the case gets to trial, it will be up to the jury to decide which position -- plaintiff's or defendants' -- is the correct one. Defendants' allegations cannot be stricken simply because plaintiff claims they are untrue.

> In Docket Item 33 plaintiff also seeks
>
> a temporary restraining order restraining and enjoining the defendant, the defendant's agent, servants, employees, and attorneys, and those persons in active concert and participation with defendant from an assault that occurred on February 14, 2008, by the K-9 Unit Dog [John Doe] and officers whom [sic] worked at [NYPD-ESU-K9-UNIT-140 58th Street, Brooklyn, New York 11220], for pending a hearing and disposition of Plaintiff's motion for a preliminary injunction filed on July 19, 2012, and scheduled by the court for a hearing on September 19, 2012, on the ground that immediate and irreparable loss, damage, and injury will result to Plaintiff as more fully appears from Plaintiff's verified complaint and the attached affidavit, declarations of the defendants names.

(Grammatical irregularities in original.)

This aspect of plaintiff's motion must also be denied. A temporary restraining order can only be granted against harm that will occur in the future; it is an order directed against action that is threatened to occur and serves to prevent the action. A temporary restraining order cannot provide a remedy

for an alleged wrong that has already occurred.  Because plaintiff alleges only that he was injured by past conduct and does not allege that he is threatened by any future conduct, there is no basis for the issuance of temporary restraining order.

Accordingly, I respectfully recommend that the relief sought in Docket Item 33 be denied in all respects.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties shall have fourteen (14) days from receipt of this Report to file written objections.  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Andrew L. Carter, United States District Judge, 40 Foley Square, Room 435, New York, New York  10007 and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Carter.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        February 28, 2013

                            Respectfully submitted,

                            HENRY PITMAN
                            United States Magistrate Judge

Copies transmitted to:

Mr. Jermaine Dunham
DIN 11-R-0201
Clinton Correctional Facility
1156 Rt. 374
P.O. Box 2001
Dannemora, New York 12929

Aimee K. Lulich, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

4