UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JERMAINE DUNHAM,
                         Plaintiff,

- against –

                                                          11 Civ. 1223 (ALC) (HBP)

CITY OF NEW YORK, POLICE OFFICER
LEMAR OLIVER, NYC POLICE                  **OPINION AND ORDER**
DEPARTMENT/RAYMOND KELLY
COMMISSIONER, POLICE OFFICER
PHILIP LOBELLO, NEW YORK CITY
POLICE DEPARTMENT K-9 UNIT, ALAIN
POLYNICE,
                         Defendants.
-------------------------------------------------------------X

ANDREW L. CARTER, JR., United States District Judge:

I.    INTRODUCTION

    On August 30, 2012, Plaintiff Jermaine Dunham, proceeding pro se at the time, moved to amend the operative Complaint to add thirteen members of the medical staff of Lincoln Medical and Mental Health Center ("LMMHC"), a police dog, and the New York City Police Department ("NYPD"), and to add state law claims against Officers Lemar Oliver and Philip Lobello. Plaintiff filed the initial Complaint on February 16, 2011 and the First Amended Complaint ("FAC") on October 20, 2011. (Dkt. Nos. 2, 12.)  In moving for leave to file a Second Amended Complaint ("SAC"), Plaintiff submitted varying submissions to this Court and the Magistrate Judge assigned to the case.  Because it was unclear whether Defendants reviewed and responded to the varying submissions, they were given the opportunity to supplement their opposition.  On October 11, 2012 and January 10, 2014, Defendants filed letters in opposition to the proposed amendments.  For the reasons stated below, Plaintiff's motion to amend is granted in-part and denied in-part.

COPIES MAILED

## II.   BACKGROUND

This § 1983 action arises out of Plaintiff's arrest, detention, treatment, and prosecution as alleged in the SAC. On February 15, 2008, Plaintiff claims Officer Philip Lobello stopped him and ordered him to produce identification. (SAC § III(C).) Lobello allegedly directed Plaintiff to wait with his back to a van when Lobello's police dog began barking at him. (Id.) Plaintiff then claims he began to walk away from the officer, and the dog attacked him, rendering him unconscious. (Id.) While Plaintiff was unconscious, Officer Lemar Oliver was also on the scene and supposedly observed Plaintiff "with a lot of blood on [him]." (Id.) Plaintiff asserts he later learned that he was handcuffed while unconscious and formally arrested by the officers. (Id.)

After Plaintiff's arrest, he was brought to LMMHC for treatment, where he purportedly regained consciousness. (Id.)  At LMMHC, he was treated by Alain Polynice, Annie Hu, Monica Santiago, Robert Boorstein, Brian Scallen, Claire Antoszewski, Artemio Pazcoguin, Marcos Vargas, Toni Butler, Samuel Kim, Sarwat Kamal Amer, Elaine B. Josephson, Darron Yelling, and Lillian Alomar (collectively "LMMHC Defendants"). (Id.) Throughout his stay in the hospital, Plaintiff maintains he was handcuffed to the bed. (Id.) He allegedly experienced "pain[,] . . . extreme discomfort," limited mobility, and claims that he did not receive "proper medical treatment." (Id.) Because of the limited mobility, Plaintiff was supposedly unable to "adjust [his] body to minimize the physical pain and discomfort" he was experiencing. (Id.) Plaintiff claims as a result of his arrest and subsequent treatment, he suffers from "severe pain, permanent damage to [his] nerves and left arm where noticeable scars remain." (Id. § IV.)

## III.   DISCUSSION

### A. Standard of Review

"A court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

2

15(a)(2). A district court, however, may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009). An amendment is futile if it would not survive a motion to dismiss pursuant to Rule 12(b)(6). Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). A claim will be dismissed under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Brodt v. City of N.Y., No. 13 Civ. 3272 (PKC), 2014 WL 896740, at *3 (S.D.N.Y. Mar. 6, 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Where a plaintiff is proceeding pro se, the pleadings must be interpreted liberally.[1] Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). A pro se complaint will be interpreted "to raise the strongest claims that it suggests." Yong Chul Son v. Chu Cha Lee, No. 13 Civ. 1827, 2014 WL 1099789, at *1 (2d Cir. Mar. 21, 2014) (citing Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011)). However, a pro se plaintiff's complaint must "state a claim to relief that is plausible on its face." Id. (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)).

### B. Amendment to Include Unsuable Entities

Plaintiff's proposed amendments in the SAC include adding a police dog and the NYPD as parties. Section 1983 specifies that a cognizable claim must be based on actions committed by "person[s]." 42 U.S.C. § 1983 (1996). "A police dog is not a 'person' for these purposes." Smith v. P.O. Canine Dog Chas, No. 02 Civ. 6240 (KMW)(DF), 2004 WL 2202564, at *4

---

[1] Plaintiff is currently represented by counsel, however, at the time of his motion, Plaintiff was proceeding pro se. Therefore, this Court will assess his motion as a pro se filing.

3

(S.D.N.Y. Sept. 28, 2004) (quoting Fitzgerald v. McKenna, No. 95 Civ. 9075 (DAB)(HBP), 1996 WL 715531, at *7 (S.D.N.Y. Dec. 11, 1996)). Therefore, an amendment to add the police dog would be futile and is, in turn, denied.

The New York City Charter requires that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 16 § 396. Neither the Charter nor any other law authorizes the NYPD to be sued. Jenkins v. City of N.Y., 478 F.3d 76, 93 n.19 (2d Cir. 2007). Because lack of authority to be sued is grounds for dismissal for failure to state a claim, see Burgis v. Dep't of Sanitation City of N.Y., No. 13 Civ. 1011 (TPG), 2014 WL 1303447, at *4 (S.D.N.Y. Mar. 31, 2014) (dismissing claims against the Department of Sanitation because it could not be sued), Plaintiff's proposed amendment to add the NYPD would be futile and is denied.

### C. Amendment to Include State Law Claims Against The City of New York, Oliver, and Lobello

To state a claim against a municipality under New York law, a plaintiff must serve a notice of claim against the entity to be sued within 90 days of the accrual of the claim. N.Y. Gen. Mun. Law § 50-e(1)(a) (McKinney 2013). The cause of action must then be commenced within a hundred and ninety days after the claim accrues. N.Y. Gen. Mun. Law § 50-i(1)(a). The requirement to file a notice of claim is "strictly construed by New York state courts, and failure to comply with this requirement 'requires a dismissal for failure to state a cause of action.'" Hart v. City of N.Y., No. 11 Civ. 4678 (RA), 2013 WL 6139648, at *11 (S.D.N.Y. Nov. 18, 2013) (quoting Hardy v. N.Y. City Health & Hosp. Corp., 164 F.3d 789, 792-93 (2d Cir. 1999)). In this case, Plaintiff does not plead that he satisfied the notice of claim requirements. Specifically, he does not allege he filed a notice of claim by May 21, 2008 or that he initiated the action by

August 29, 2008. Therefore, an amendment to include the state law claims against the City would be futile and is denied.

A plaintiff seeking to include state law claims against individual employees of a municipality must comply with the notice of claim requirements as well. Reyes v. City of N.Y., No. 11 Civ. 7084 (AT), 2014 WL 173412, at *7 (S.D.N.Y. Jan. 16, 2014). Yet, Plaintiff did not file a notice of claim with respect to the individual officers either. Thus, his motion to include state law claims against Lobello and Oliver would be futile and is denied.

### D. Amendment to Include Claims Against LMMHC Employees

#### i. State Law Claims

Plaintiff's proposed amendments may also be read as pleading state law tort claims against the LMMHC Defendants. Claims against LMMHC or its employees are subject to the same notice of claim requirements as claims against municipalities and their employees. See Lopez v. Lincoln Hosp., 709 N.Y.S.2d 398 (App. Div. 1st Dep't 2000) (applying N.Y. Gen. Mun. Law §§ 50-e(1)(a) and 50-i(1)(a) to a suit against LMMHC). Since Plaintiff fails to plead satisfaction of the notice of claim requirements, his state law claims against the LMMHC Defendants would not survive a motion to dismiss and are futile. Accordingly, Plaintiff's motion to amend the Complaint to include state tort claims against the LMMHC Defendants is denied.

#### ii. § 1983 Claims[2]

In order to be successful, a claim brought under § 1983 must allege first, that the conduct was "committed by a person acting under color of state law," and second, that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or the

---

[2] Federal civil rights claims brought pursuant to 42 U.S.C. § 1983 are not subject to New York State's notice of claim requirements. Pendleton v. City of N.Y., 44 A.D.3d 733, 738 (App. Div. 2d Dep't 2007).

5

laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). The statute of limitations for claims under § 1983 is three years. Shomo v. City of N.Y., 579 F.3d 176, 181 (2d Cir. 2009). The three-year period begins to run when the plaintiff knows or has reason to know of the injury. Id. Plaintiff may, however, amend the complaint to include a time-barred claim when the new complaint relates back to a timely complaint. Fed. R. Civ. P. 15(c). In order to relate back, "[f]irst, both complaints must arise out of the same conduct, transaction, or occurrence. Second, the additional defendant must have been omitted from the original complaint by mistake. Third, the additional defendant must not be prejudiced by the delay." Hutchinson v. City of N.Y., No. 07 Civ. 841 (RJD)(CLP), 2010 WL 1437926, at *3 (E.D.N.Y. Feb. 8, 2010) (citing VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001)).

LMMHC's employees are subject to suit under § 1983. See Jones v. Nickens, 961 F. Supp. 2d 475, 486 (E.D.N.Y. 2013) (finding employees of a public hospital to be "state actors for purposes of Section 1983"). Plaintiff claims that the LMMHC Defendants all took part in the denial of his medical care, which could state a cognizable claim under § 1983. See Lopez v. Zenk, No. 06 Civ. 4601 (RJD), 2008 WL 3285895, at *4 (E.D.N.Y. Aug. 8, 2008) (finding that a claim of negligent denial of medical care could state a claim for relief). Because Plaintiff's § 1983 cause of action against the LMMHC Defendants accrued by February 21, 2008 the statute of limitations expired on February 21, 2011. Therefore, the amendment to include the LMMHC Defendants will only be allowed if it relates back to the initial Complaint. Both the initial Complaint and the proposed SAC clearly arise out of Plaintiff's February 15, 2008 arrest and his subsequent treatment while in custody at LMMHC. Further, considering this action is still at a very early stage, the LMMHC Defendants will not be prejudiced by their inclusion.

Finally, Plaintiff omitted the LMMHC Defendants because he was uncertain which parties needed to be named, not due to confusion over their identity. The initial Complaint and FAC each demonstrate Plaintiff's attempts to name the parties responsible for what he believes was substandard care received at LMMHC. (Compl. § V; FAC § II(D).) Plaintiff's attempt to include parties that he did not know should have been named to state a cause of action falls within the scope of mistake that satisfies the second element of the relation back test. Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 289 F.R.D. 401, 406 (S.D.N.Y. 2013) ("The key here is that the plaintiff failed to include [the party] in its original complaint because it did not know that it needed to name [it] at the time of filing."). Therefore, Plaintiff's motion to amend the Complaint to plead § 1983 claims against the LMMHC Defendants is granted.

## IV. CONCLUSION

For the reasons fully stated herein, Plaintiff's motion to amend is denied in-part and granted in-part. The Court will allow Plaintiff to file a SAC containing the § 1983 claims against the LMMHC Defendants. The Court declines to allow the amendments containing state law tort claims against any party, the addition of the NYPD as a party, or the addition of the police dog as a party. Plaintiff shall file the SAC with the appropriate amendments by **May 16, 2014**. The parties shall file a joint status report indicating the status of this case by **July 2, 2014**.

**SO ORDERED.**

Dated:    May 2, 2014
         New York, New York

                                    _____
                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**