

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**AIMEE K. LULICH**
Assistant Corporation Counsel
Phone: (212) 356-2369
Fax: (212) 356-2369
Email: alulich@law.nyc.gov

December 3, 2014

**BY ECF**
Honorable Henry B. Pitman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Jermaine Dunham v. City of New York, et. al.</u>
     11 Civ. 1223 (ALC) (HBP)

Your Honor:

  I am the Assistant Corporation Counsel assigned to represent defendants City of New York, Ray Kelly, Lemar Oliver, and Philip Lobello in the above-referenced matter.  I write, in advance of the telephone conference scheduled to take place tomorrow, December 4, 2014 at 5:15 p.m., to respectfully inform the Court that defendants intend to request that plaintiff's counsel reimburse the City of New York for the expenses incurred related to the failed deposition.

  As Your Honor is aware, plaintiff's deposition was scheduled to take place at Downstate Correctional Facility on Monday, December 1st at 10:00 a.m.  This deposition was scheduled pursuant to Your Honor's Order dated October 29, 2014.  By Order dated November 24th, the location of the deposition was changed from Sing Sing Correctional Facility to Downstate Correctional Facility.  On Friday, November 28th, I received an email from plaintiff's counsel, David Segal, which was apparently sent on the evening of November 26th.  In the email, Mr. Segal stated that he could not attend the deposition, but consented to the deposition going forward without him.  At that point, plaintiff had been transferred to Downstate Correctional Facility, and a stenographer had been retained in preparation for the deposition.

  Based upon Mr. Segal's consent, I attempted to depose plaintiff as scheduled.  However, plaintiff was not willing to go forward with the deposition in the absence of his attorney. Plaintiff reported that he was not aware that his lawyer would not be present.  As a result, the City of New York incurred expenses related to my travel to Downstate Correctional Facility and the cost of a stenographer and the short transcript memorializing the attempt at beginning the deposition.  Because Mr. Segal did not timely notify defendants that he could not attend the deposition, defendants request, pursuant to Rule 37(d)(3) of the Federal Rules of Civil

- 2 -

Procedure, that Mr. Segal be required to reimburse the City of New York for the travel and stenography expenses incurred as a result.

    I thank the Court for its consideration of this request.

                                            Respectfully submitted,
                                                        /S
                                            Aimee K. Lulich
                                            Assistant Corporation Counsel

cc:    David Segal, Esq. (By Email & ECF)
        *Attorney for plaintiff*