**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JERMAINE DUNHAM,<br>Plaintiff,<br>-against-<br>PHILIP LOBELLO,<br>Defendant. | ) | No. 11-cv-01223-ALC-SLC |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE HIS CRIMINAL CONVICTIONS (Pl. MIL No. 1)

Stephen J. Elliott
Alexandra Bodo
Cooper M. D'Agostino
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Plaintiff Jermaine Dunham*

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................1

BACKGROUND ........................................................................................................2

ARGUMENT.............................................................................................................4

I. STALE CONVICTIONS MAY NOT BE USED FOR IMPEACHMENT PURPOSES.............................................................................................................4

II. MR. DUNHAM'S 2009 VIOLATION CONVICTION FOR DISORDERLY CONDUCT AND 2011 MISDEMEANOR CONVICTION FOR RESISTING ARREST SHOULD BE EXCLUDED AS IMPEACHMENT EVIDENCE.......................5

III. MR. DUNHAM'S 2011 MISDEMEANOR CONVICTION FOR RESISTING ARREST IS NOT ADMISSIBLE AS *PRIMA FACIE* EVIDENCE THAT HE ACTIVELY RESISTED ARREST.........................................................................6

IV. MR. DUNHAM'S FELONY CONVICTIONS FOR POSSESSION OF A FIREARM IN THE SECOND DEGREE ARE NOT ADMISSIBLE AGAINST MR. DUNHAM UNDER RULES 403, 404(B) AND 609(A). ..........................................8

A. Impeachment Value .........................................................................................9

B. Remoteness and Importance of Credibility.............................................................9

C. Similarity..........................................................................................................10

CONCLUSION..........................................................................................................1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson* v. *Scanlon*,
2017 WL 3974994 (D. Conn. Sept. 8, 2017) ....................8

*Brown* v. *Turriglio*,
2018 WL 4565767 (N.D.N.Y. Sept. 24, 2018) ....................10

*Burdick* v. *Kurilovitch*,
2017 WL 11500489 (N.D.N.Y. Dec. 7, 2017) ....................7

*Curry* v. *City of Syracuse*,
316 F.3d 324 (2d Cir. 2003) ....................5

*Daniels* v. *Loizzo*,
986 F. Supp. 245 (S.D.N.Y. 1997) ....................2, 9

*Fletcher* v. *City of New York*,
54 F. Supp. 2d 328 (S.D.N.Y. 1999) ....................5

*Hartman* v. *Snelders*,
2010 WL 11626508 (E.D.N.Y. Jan. 28, 2010) ....................5, 7

*Hicks* v. *Craw*,
2022 WL 3593623 (N.D.N.Y. Aug. 22, 2022) ....................7, 8

*Hyppolite* v. *Collins*,
2015 WL 269219 (D. Conn. Jan. 21, 2015) ....................4, 5

*In re Inv'rs Funding Corp. of N.Y. Sec. Litig.*,
635 F. Supp. 1262 (S.D.N.Y. 1986) ....................9

*Jean-Laurent* v. *Hennessy*,
840 F. Supp. 2d 529 (E.D.N.Y. 2011) ....................9

*Kopf* v. *Skyrm*,
993 F.2d 374 (4th Cir. 1993) ....................1, 7

*McDay* v. *Bushey*,
2017 WL 11488721 (N.D.N.Y. Dec. 7, 2017) ....................4

*Olutosin* v. *Gunsett*,
2019 WL 5616889 (S.D.N.Y. Oct. 31, 2019) ....................10

*Ramos* v. *Trifone*,
2015 WL 6509114 (D. Conn. Oct. 28, 2015) ....................8

*Roguz* v. *Walsh*,
2013 WL 1498126 (D. Conn. Apr. 5, 2013) ....................6

*Scarlett* v. *United States*,
2021 2809818 (E.D.N.Y. July 6, 2021) ....................9

*Somerville* v. *Saunders*,
2014 WL 272415 (N.D.N.Y. Jan. 24, 2014) ....................10

*Starmel* v. *Tompkin*,
2022 WL 6737723 (N.D.N.Y. Oct. 11, 2022) ....................4

*Stephen* v. *Hanley*,
2009 WL 1471180 (E.D.N.Y. May 21, 2009) ....................2, 5

*Tranchina* v. *McGrath*,
2020 WL 4596930 (N.D.N.Y. Aug. 11, 2020) ....................10

*United States* v. *Agostini*,
280 F. Supp. 2d 260 (S.D.N.Y. 2003) ....................9

*United States* v. *Brown*,
2009 WL 728448 (E.D.N.Y. Mar. 10, 2009) ....................9

*United States* v. *Brown*,
606 F. Supp. 2d 306 (E.D.N.Y. 2009) ....................4

*United States* v. *Gilliam*,
994 F. 2d 97 (2d Cir. 1993) ....................1

*United States* v. *Joe*,
2008 WL 2810169 (S.D.N.Y. July 21, 2008) ....................6

*United States* v. *Johnson*,
2013 WL 6091601 (S.D.N.Y. Nov. 15, 2013) ....................9

*Young* v. *Calhoun*,
1995 WL 169020 (S.D.N.Y. Apr. 10, 1995) ....................5

**Statutes**

N.Y. PENAL LAW § 70.15 ....................6

N.Y. PENAL LAW § 205.30 ....................1, 6

N.Y. PENAL LAW § 220.39 ....................1

N.Y. PENAL LAW § 240.20 ........................................................................................................ 1

N.Y. PENAL LAW § 265.03 ........................................................................................................ 1

**Other Authorities**

FED. R. EVID. 609 ........................................................................................................ 4, 5, 8

Plaintiff Jermaine Dunham respectfully requests that the Court preclude Defendant Philip Lobello from introducing into evidence any of Mr. Dunham's prior criminal convictions, including (1) his 1999 felony conviction for criminal sale of a controlled substance in the third degree (N.Y. PENAL LAW § 220.39), (2) his 2004 and 2009 violation convictions for disorderly conduct (N.Y. PENAL LAW § 240.20), (3) his 2010 and 2011 felony convictions for criminal possession of a firearm in the second degree (N.Y. PENAL LAW § 265.03), and (4) his 2011 misdemeanor conviction for resisting arrest (N.Y. PENAL LAW § 205.30).

## INTRODUCTION

On February 15, 2008, Officer Philip Lobello unleashed his K9 dog, a German Shepherd, upon Jermaine Dunham ("the 2008 Arrest"). *See* Pl.'s Resp. Defs.' R. 56.1 Stmt. ("Pl.'s 56.1 Resp.") ¶ 63, Dkt. 158. The dog tore into and lacerated Mr. Dunham's arm, neck, and head, resulting in Mr. Dunham's hospitalization. *Id.* ¶¶ 63, 66, 81. The attack dragged on for two minutes. *Id.* ¶ 65. Mr. Dunham still bears the physical and mental scars. Lobello had stopped Mr. Dunham on suspicion that he had been involved in a robbery, *id.* ¶ 39, although Mr. Dunham did not resemble the identified suspect (beyond his skin color), and he was subsequently acquitted of this crime by a jury on April 12, 2011. *Id.* ¶¶ 88, 97. Instead, Mr. Dunham was convicted only of misdemeanor resisting arrest and felony second-degree possession of a firearm. *Id.* ¶ 97. The Federal Rules of Evidence strictly protect parties from the "prejudicial taint" of prior convictions and permit their introduction only "in limited circumstances" not present here. *United States* v. *Gilliam*, 994 F. 2d 97, 100 (2d Cir. 1993). Mr. Dunham's prior convictions would not improve the jury's understanding of the facts surrounding the 2008 Arrest; rather, they would distract the jury and risk painting Mr. Dunham as a criminal who "deserved to be arrested and punished" and whose fate should "stir[] little sympathy, much less outrage" from the jury. *Kopf* v. *Skyrm*, 993 F.2d 374, 379 (4th Cir. 1993). Several of Mr. Dunham's convictions are stale, reflecting the

behavior of a younger man who has subsequently reformed. Nor are Mr. Dunham's convictions probative of the events of the encounter: as such, they are not admissible under Rule 403 of the Federal Rules of Evidence. They serve chiefly to confuse and should be excluded.

**BACKGROUND**

There is no question that Mr. Dunham made mistakes as a younger man. In 1999, when he was 18, he pled guilty to criminal sale of a controlled substance in the third degree, a class B felony. (Ex. A (Criminal History)). He was adjudicated as a youthful offender (the "1999 Juvenile Conviction") and discharged on July 14, 2004. *Id.* In 2005, Mr. Dunham pled guilty to a disorderly conduct violation (the "2005 Conviction"), for which he received a conditional discharge. *Id.*[1] More than ten years have passed since these convictions and their attendant sentences.

On February 15, 2008, while Mr. Dunham was walking home from a party in the Bronx, he was arrested again. Mr. Dunham had gotten lost after leaving the party and flagged a police vehicle operated by Defendant Lobello, who had been canvassing the area searching for two men who had robbed a taxi nearby. Pl.'s 56.1 Resp. ¶¶ 17, 30-31, 36. When Mr. Dunham tried to leave, Defendant touched Mr. Dunham's chest and "felt something like a gun." *Id.* ¶¶ 51-53. The Defendant unleashed his K9, a German Shepherd, which bit Mr. Dunham's arm, dragged him onto the street; the dog then attacked Mr. Dunham's head and neck. *Id.* ¶¶ 54-57, 63. After

[1] Mr. Dunham was arrested on other charges during his youth, yet none were for crimes of dishonesty. *Id.* In-circuit precedent disfavors introducing any charges that did not result in convictions into evidence as examples of prior bad acts. "Plaintiff's arrests that did not result in convictions are not admissible as specific instances of conduct under Federal Rule of Evidence 608(b)." *Daniels* v. *Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997). *See also Stephen* v. *Hanley*, 2009 WL 1471180, at *8 (E.D.N.Y. May 21, 2009) (finding "unproven charges and prior arrests are inadmissible for impeachment purposes" where none bear on witness's "character for truthfulness").

his initial contact with Officer Lobello,[2] Mr. Dunham did not actively resist Officer Lobello or the dog. *Id.* ¶ 61. The attack continued for approximately two minutes, with Defendant Lobello removing the dog only after he had handcuffed Mr. Dunham. *Id.* ¶¶ 65, 67.

After the 2008 Arrest, a grand jury indicted Mr. Dunham for robbery in the first, second, and third degrees, resisting arrest, and criminal possession of a weapon in the second degree. *Id.* ¶ 94. While on bail for this arrest, on December 14, 2008, Mr. Dunham was also arrested for disorderly conduct. Ex. B (Queens Criminal History.) On June 29, 2009, he pled guilty to this violation (the "2009 Violation") and received a conditional discharge. *Id.* Mr. Dunham was also arrested on February 24, 2009 for criminal possession of a firearm in the second degree, a Class C felony; he was convicted of this offense on October 29, 2010. Ex. C (Manhattan Criminal History.) On April 12, 2011, in connection with the 2008 Arrest, a jury found Mr. Dunham not guilty of robbery. Pl.'s 56.1 Resp. ¶ 97. It did find Mr. Dunham guilty of resisting arrest, a Class A misdemeanor, and possession of a weapon in the second degree, a Class C felony. *Id.* For these offenses, he was sentenced to seven years imprisonment, consecutive to the 2010 conviction.

Mr. Dunham was released to parole on October 22, 2020. Since that time, he has not had any encounters with the law.

[2] Per the Court's summary judgment order, Plaintiff is collaterally estopped from arguing that he did not reach for a weapon, though the exact manner and timeline of events by which Mr. Dunham resisted arrest remain in dispute. *See* Opinion & Order Denying Motion for Summary Judgment in Part ("Order") at 5-7, 13, Dkt. 167.

## ARGUMENT

Defendant has no grounds for introducing Mr. Dunham's prior convictions: they are old, they are irrelevant, and they are prejudicial. Whatever probative value they have (if any), they do not outweigh the stigma associated with criminal behavior.

### I. Stale Convictions May Not Be Used for Impeachment Purposes.

Any conviction whose sentence concluded before December 2012 should be excluded from this action. The Federal Rules provide that "convictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances." *United States* v. *Brown*, 606 F. Supp. 2d 306, 313 (E.D.N.Y. 2009) (internal citations omitted). Mr. Dunham's 1999 and 2004 convictions are "not relevant to [Dunham's] claims under section[] 1983 . . . that Defendant[] violated his civil rights." *Hyppolite* v. *Collins*, 2015 WL 269219, at *1 (D. Conn. Jan. 21, 2015). These stale convictions are "admissible only if (1) [their] probative value, supported by specific facts and circumstances, *substantially* outweighs [their] prejudicial effect, and (2) the proponent gives an adverse party reasonable written notice of the intent to use [them] so that the party has a fair opportunity to contest [their] use." FED. R. EVID. 609(b) (emphasis added). Hence, courts within this circuit have deemed ten-year-old convictions to be "presumptively inadmissible." *See, e.g.*, *McDay* v. *Bushey*, 2017 WL 11488721, at *2 (N.D.N.Y. Dec. 7, 2017) (impeachment value of five convictions did not substantially outweigh prejudicial effect where convictions were "over twenty years old"); *Starmel* v. *Tompkin*, 2022 WL 6737723, at *2 (N.D.N.Y. Oct. 11, 2022) (finding 23-year-old convictions to be presumptively inadmissible).

No justification for introducing these early convictions overcomes this presumption. In the first instance, the Federal Rules prohibit Defendant from introducing the 1999 Juvenile Conviction to impeach Mr. Dunham, as "[e]vidence of a juvenile adjudication is admissible . . . only if it is offered in a criminal case." FED. R. EVID. 609(d). *See Stephen*, 2009

WL 1471180, at *10 (fact and date of youthful adjudication not admissible "for purposes of impeachment pursuant to Rule 609"). The 17-year-old 2005 Conviction, for which Mr. Dunham received a conditional discharge, is also hardly probative of Mr. Dunham's propensity for honesty. *See, e.g.*, *Hartman* v. *Snelders*, 2010 WL 11626508, at *12 (E.D.N.Y. Jan. 28, 2010) (finding, among other crimes, stale conviction for disorderly conduct was inadmissible and prejudicial); *Young* v. *Calhoun*, 1995 WL 169020, at *5 (S.D.N.Y. Apr. 10, 1995) (excluding conviction for disorderly conduct under Rule 609(b)). As such, these convictions should be excluded.

## II. Mr. Dunham's 2009 Violation Conviction for Disorderly Conduct and 2011 Misdemeanor Conviction for Resisting Arrest Should Be Excluded as Impeachment Evidence.

Nor does Defendant Lobello have a basis to introduce Mr. Dunham's conviction for resisting arrest that arose from the 2008 Arrest or his disorderly conduct conviction from 2009 as impeachment evidence. Federal Rule of Evidence 609(a) provides that all crimes that do "not involve dishonesty or fraud and [that are] not punishable by death or imprisonment in excess over one year" are "inadmissible" for impeachment purposes. *See Fletcher* v. *City of New York*, 54 F. Supp. 2d 328, 332 (S.D.N.Y. 1999). Neither dishonesty nor fraud are elements of N.Y. Penal Law § 205.30. *See Curry* v. *City of Syracuse*, 316 F.3d 324, 336 (2d Cir. 2003) (enumerating elements of resisting arrest under New York law) ("the person charged must have intentionally attempted to prevent the arrest of himself or someone else, and the arrest he attempted to prevent must itself have been supported by a warrant or by probable cause"); *Hyppolite*, 2015 WL 269219, at *2 (resisting arrest did "not constitute a dishonest act or false statement such that the evidence must be admitted under Rule 609"); *Hartman* v. *Snelders*, 2010 WL 11626508, at *11 (E.D.N.Y. Jan. 28, 2010) ("The elements of the offense of resisting arrest do not require proof of false statement or dishonesty."). Nor are they elements of N.Y. Penal Law § 240.20. *See United States*

v. *Joe*, 2008 WL 2810169, at *4 (S.D.N.Y. July 21, 2008) (disorderly conduct "is not a crime under New York law and . . . nor does it involve dishonesty or false statements").

Moreover, neither of these crimes are felonies under New York law and thus are thereby inadmissible for impeachment purposes under the plain terms of Rule 609(a), which prohibits the introduction of criminal convictions for acts punishable for less than 365 days. Resisting arrest is only a "class A misdemeanor," N.Y. PENAL LAW § 205.30, which, in New York, is punishable by only up to 364 days in prison, N.Y. PENAL LAW § 70.15—less than the one year required under Rule 609(a). Disorderly conduct, as a mere violation, can be punished with at maximum 15 days of imprisonment. N.Y. PENAL LAW § 70.15. *See also Joe*, 2008 WL 2810169, at *4 (excluding disorderly conduct violations which are "not punishable by imprisonment in excess of one year"). As such, neither of these convictions may be introduced to impeach Mr. Dunham.[3]

### III. Mr. Dunham's 2011 Misdemeanor Conviction for Resisting Arrest Is Not Admissible as *Prima Facie* Evidence that He Actively Resisted Arrest.

Defendant Lobello also may not introduce the resisting arrest conviction as *prima facie* evidence that his use of force was warranted. Plaintiff expects that Defendant Lobello would like to introduce the conviction to provide background for the current trial, to indicate that Mr. Dunham's resistance somehow warranted being bitten by a German Shepherd for two minutes. Yet a conviction for resisting arrest proves only that a jury found that Mr. Dunham resisted arrest after the fact; it does not prove the truth or falsity of whether Defendant Lobello used a reasonable

[3] The 2009 Violation should also be excluded under Rules 403 and 404(b), as it is "not relevant evidence of the facts and circumstances that confronted" Mr. Dunham, nor should it be admitted to show that Dunham had "a certain disposition that he acted consistent with during the event in question." *See Roguz* v. *Walsh*, 2013 WL 1498126, at *4 (D. Conn. Apr. 5, 2013) (excluding disorderly conduct violations of plaintiff in excessive force case).

amount of force to overcome whatever resistance Mr. Dunham posed. As courts in this Circuit have found, a conviction for resisting arrest is "not in any way probative of whether the force used was reasonable because [officer defendants] did not have any knowledge of the guilt or innocence of the plaintiff at the time." *Hartman*, 2010 WL 11626508, at *9 (excluding evidence of conviction for resisting arrest in excessive force suit); *see also Kopf*, 993 F.2d at 379 ("If probable cause to arrest is present, the actual guilt or innocence of the arrestee is irrelevant to the amount of force that may be used."); *Burdick* v. *Kurilovitch*, 2017 WL 11500489, at *2 (N.D.N.Y. Dec. 7, 2017) ("Defendants . . . have not explained how the resisting arrest and animal cruelty convictions themselves, which occurred well after the events at issue, are relevant to show intent knowledge or absence of mistake under Rule 404(b)."). The actual facts of the encounter between Mr. Dunham and Officer Lobello are in dispute and must be heard at trial. Mr. Dunham will not offer evidence, per this Court's order, that he did not reach for a weapon during his initial contact with Officer Lobello. Order at 13. However, the manner of that initial contact and whether he offered any resistance at all afterwards remain in dispute. *Id.* at *5-7. The jury should be permitted to assess the facts without the prejudicial influence of a misdemeanor conviction.

Courts in this circuit have previously excluded convictions for resisting arrest where excessive force claims are raised in connection with that arrest. In *Hicks* v. *Craw*, 2022 WL 3593623 (N.D.N.Y. Aug. 22, 2022), a plaintiff raised excessive force claims connected to an arrest that led to a conviction for resisting arrest. Defendants sought to introduce the conviction on grounds that the "fact of a conviction is still relevant to the amount of force reasonably necessary for the Defendants to achieve their objective in arresting the [suspect.]" *Id.* at *2. The court disagreed on the basis of Rule 403: "the prejudicial effect of introducing evidence of the actual conviction for resisting arrest outweighs the probative value of the conviction." *Id.* Because "the

jury can find for the Plaintiff even though he resisted arrest, the fact of his misdemeanor conviction is unduly prejudicial." *Id.* The same principle applies here. In dispute are the facts surrounding Mr. Dunham's resistance—not his conviction. Order at *5-7. The conviction itself serves only to prejudice the jury.

## IV. Mr. Dunham's Felony Convictions for Possession of a Firearm in the Second Degree Are Not Admissible Against Mr. Dunham Under Rules 403, 404(b) and 609(a).

Though Mr. Dunham's recent felony convictions—both for the same firearms offense—are presumptively admissible for impeachment purposes under Rule 609(a)(1), Rule 403 weighs against their introduction here. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Rule 609(a) provides that the probative value of felony convictions must be considered "subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." FED. R. EVID. 609(a)(1)(A). Rule 403 also serves as a safeguard against the introduction of prior convictions as character evidence under Rule 404(b). *See, e.g.*, *Ramos* v. *Trifone*, 2015 WL 6509114, at *6 (D. Conn. Oct. 28, 2015) (allowing introduction of Rule 404(b) evidence "as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403.") (citing *United States* v. *Inserra*, 34 F.3d 83, 89 (2d Cir. 1994)); *Anderson* v. *Scanlon*, 2017 WL 3974994, at *3 (D. Conn. Sept. 8, 2017) ("At all times, [conviction] evidence is subject to the balancing test of Rule 403.")). Here, because prior convictions are "likely to induce decision on a purely emotional basis," the Court must carefully balance the probative value of these convictions under Rule 403. *In re Inv'rs Funding Corp. of N.Y. Sec. Litig.*, 635 F. Supp. 1262, 1266 (S.D.N.Y. 1986).

"In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels*, 986 F. Supp. at 250 (S.D.N.Y. 1997). On balance, these factors support excluding the firearms convictions.

A. Impeachment Value

Possessing a firearm, even an illegally owned firearm, has little, if any, bearing on whether Mr. Dunham is an honest witness. "It is well settled that the impeachment value of possessing a firearm is low." *United States* v. *Johnson*, 2013 WL 6091601, at *13 (S.D.N.Y. Nov. 15, 2013); *accord United States* v. *Brown*, 2009 WL 728448, at *4 (E.D.N.Y. Mar. 10, 2009) (impeachment value of gun possession conviction is "very low"). Criminal possession of a firearm is not a crime of dishonesty. *See, e.g.*, *United States* v. *Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) ("Illegally possessing a firearm is not an example of prior untruthfulness nor is it a crime of deception, and such a conviction does not offer insight into how credible a witness . . . would be."); *Scarlett* v. *United States*, 2021 2809818, at *4 (E.D.N.Y. July 6, 2021) ("[C]ourts in the Second Circuit have not found drug or gun possession as probative of credibility."). Though "significant impeachment value of a prior crime weighs in favor of admission of the prior crime," *Jean-Laurent* v. *Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011), Mr. Dunham's possession of a firearm during the 2008 Arrest does not make him any more or less credible.

B. Remoteness and Importance of Credibility

While Mr. Dunham's convictions for possession of a firearm are not remote and the credibility of the parties is important within this lawsuit, the current convictions are of extremely limited probative value, as they do not go to Mr. Dunham's credibility.

C. Similarity

The final factor, similarity, weighs heavily in Mr. Dunham's favor. Criminal possession of a firearm in the second degree is considered to be a crime of force, and evidence that the plaintiff had engaged in "crimes of force" are properly excluded from trial of excessive force claims, because the jury may "improperly infer that, based on the [convictions], the plaintiff instigated the incident" or threatened the officer. *Tranchina* v. *McGrath*, 2020 WL 4596930, at *3 (N.D.N.Y. Aug. 11, 2020) (citing *Daniels*, 986 F. Supp. at 251); *Olutosin* v. *Gunsett*, 2019 WL 5616889, at *10 (S.D.N.Y. Oct. 31, 2019). Courts have excluded evidence of criminal firearm convictions for precisely that reason. *See, e.g.*, *Brown* v. *Turriglio*, 2018 WL 4565767, at *3 (N.D.N.Y. Sept. 24, 2018) ("Plaintiff's convictions, [including] possession of a weapon, as crimes of force are similar to the conduct at issue here, excessive force."); *Somerville* v. *Saunders*, 2014 WL 272415, at *10 (N.D.N.Y. Jan. 24, 2014) (excluding evidence of criminal record because "the jury is likely to draw the inference from the nature of Plaintiff's convictions [of murder, conspiracy, criminal facilitation, robbery, weapons, and possession of weapons] that he has the propensity to engage in violent behavior").

* * *

Given the limited probative value and potential prejudice of Mr. Dunham's convictions for second degree firearm possession, the Court should find that the *Daniels* factors weigh in favor of excluding any evidence of Mr. Dunham's criminal convictions.

**CONCLUSION**

For these reasons, the Court should preclude Defendant Lobello from introducing evidence of Mr. Dunham's prior convictions into this case.

Dated: November 28, 2022

Respectfully submitted,

*/s/ Stephen J. Elliott*

Stephen J. Elliott
Alexandra Bodo
Cooper M. D'Agostino
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Plaintiff Jermaine Dunham*