Index No. 11 Civ. 1223 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE DUNHAM,

Plaintiff,

-against-

CITY OF NEW YORK, P.O. LOBELLO, PHILIP, ET AL.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS *IN LIMINE***

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
100 Church Street, Room 3-149
New York, New York 10007

*Of Counsel:* Joseph Zangrilli
*Tel:* (212) 3562-2657
*Of Counsel:* KellyAnne Holohan
*Tel:* (212) 356-2249

Matter No. 2011-038933

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT

POINT I

DEFENDANTS SHOULD BE PERMITTED TO CONFRONT PLAINTIFF REGARDING HIS CONVICTIONS........................................................................ 1

A. Plaintiff's Convictions are Admissible Under Rules 608 and 609 ................................................................ 1

B. Plaintiff's subsequent arrest and conviction is admissible under F.R.E. 404(b)....................................................... 5

C. Plaintiff's subsequent law enforcement contacts are admissible to rebut his claim for damages. .................................. 6

POINT II

DEFENDANTS SHOULD NOT BE EXCLUDED FROM PRESENTING THE FIREARM TO THE JURY ............................................................................................ 7

POINT III

DEFENDANTS DO NOT INTEND TO INTRODUCE EVIDENCE OF MS. FIGAIRO's IDENTIFICATION OF PLAINTIFF UNLESS PLAINTIFF OPENS THE DOOR REQUIRING REBUTTAL.......................................................................... 8

CONCLUSION....................................................................................................9

# TABLE OF AUTHORITIES

**Cases** **Pages**

Blake v. City of New York,
No. 05-CV-6652 (BSJ),
2007 U.S. Dist. LEXIS 95913 (S.D.N.Y. July 13, 2007) ........................................................ 4

Daniels v. Loizzo,
986 F. Supp. 245 (S.D.N.Y. 1997) ........................................................................................... 6

Huddleston v. United States,
485 U.S. 681 (1988) .................................................................................................................. 5

Jones v. City of New York,
No. 98-CV-6493 (LBS),
2002 U.S. Dist. LEXIS 2052 (S.D.N.Y. Feb. 11, 2002) .......................................................... 4

Orr v. Shea,
No. 3:17-cv-00788 (VAB),
2021 US Dist. LEXIS 92199 (D Conn May 14, 2021) ............................................................ 7

United States v. Blum,
62 F.3d 63 (2d Cir. 1995) ......................................................................................................... 7

United States v. Cole,
26 Fed. Appx. 45 (2d Cir. 2001) .............................................................................................. 5

United States v. Estrada,
430 F.3d 606 (2d Cir. 2005) ................................................................................................ 2, 3

United States v. Hayes,
553 F.2d 824 (2d Cir. 1977) ..................................................................................................... 1

United States v. Munoz,
765 Fed. Appx. 547 (2d Cir. 2019) .......................................................................................... 3

Williams v. McCarthy,
No. 05-CV-10230 (SAS),
2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25, 2007) ........................................................ 4

**Cases** **Pages**

Wilson v. City of New York,
No. 06 Civ. 229 (ARR),
2006 U.S. Dist. LEXIS 90050 (E.D.N.Y. Dec. 13, 2006) ....... 6

**Statutes**

Fed. R. Evid. 104(b) ....... 5

Fed. R. Evid. 401 ....... 5

Fed. R. Evid. 403 ....... 1, 2, 3, 4

Fed. R. Evid. 404(b) ....... 5

Fed. R. Evid. 608 ....... 1

Fed. R. Evid. 609 ....... 1

Fed. R. Evid. 609(a)(1) ....... 2

Fed. R. Evid. 609(a)(1)(A) ....... 1, 2

N.Y.P.L. § 205.30 ....... 5

## PRELIMINARY STATEMENT

Defendants City of New York and Police Officer Philip Lobello file the instant motion opposing plaintiff's memorandum of law in support of his motion *in limine*, filed on November 28, 2022. For the reasons set forth below, as well as the reasons stated in defendants' pretrial submissions concerning matters to be resolved *in limine*, a majority of plaintiff's motion *in limine* should be denied.

## ARGUMENT

### POINT I

### DEFENDANTS SHOULD BE PERMITTED TO CONFRONT PLAINTIFF REGARDING HIS CONVICTIONS

Plaintiff argues that defendants should be precluded from cross-examining him, or otherwise eliciting testimony or introducing documentary evidence regarding any of his prior convictions. As explained herein, plaintiff's arguments should be summarily rejected.

**A. Plaintiff's Convictions are Admissible Under Rules 608 and 609**

Defendants should be permitted to offer evidence of plaintiff's prior convictions. Pursuant to Fed. R. Evid. 609, evidence of a witness's criminal convictions is generally admissible for (1) felonies, as long as the relevance of the crime is not *substantially* outweighed by its prejudicial effect, and (2) crimes of dishonesty and false statement. See Fed. R. Evid. 609. In applying the Fed. R. Evid. 403 balancing test, courts examine: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. See United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977).

In the present matter, plaintiff's two felony convictions are admissible pursuant to Fed. R. Evid. 609(a)(1)(A). When a crime, within ten years, "was punishable by death or by

imprisonment for more than one year, the evidence," it "must be admitted, subject to Rule 403, in a civil case." FED. R. EVID. 609(a)(1)(A). While courts are required to evaluate which of a witness's crimes have elements relevant to veracity and honesty and which do not, Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully. See United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005) (citation omitted). Here, Plaintiff's two felony convictions should be admitted subject to Rule 403. These include plaintiff's October 29, 2010 felony conviction for Criminal Possession of a Weapon in the Second Degree, a class C felony, and his second conviction for the same offense of Criminal Possession of a Weapon in the Second Degree on April 12, 2011.

First, while the crimes themselves took place more than ten years ago, plaintiff was not released from supervision for either of them until much more recently. Plaintiff admits one of his convictions for Criminal Possession of a Weapon resulted in a fifty-four month sentence of incarceration with an addition five years of post-release parole supervision. Thus, he would not have been discharged from physical custody until on or about April 29, 2015, and he would not have completed his parole supervision until on or about April 29, 2020. This is supported by the New York State Unified Court System Criminal History Record Search ("CHRS") database printout (Manhattan Criminal History, annexed to Plaintiff's MIL No. 1 as Exhibit "C"). Because plaintiff was released from confinement within the last ten years the conviction is admissible pursuant to Rule 609(a)(1)(A). Likewise, plaintiff's April 12, 2011 conviction for Criminal Possession of a Weapon in the Second Degree resulted in a seven year sentence with five additional years of post-release parole supervision. (Jermaine Dunham July 31, 2019, deposition excerpt, annexed hereto as Exhibit "A"). As a result, he would not have

been discharged from custody until on or about April 12, 2019, and his parole will not be completed until 2024. Therefore, the presumption is that both of these are admissible.

In addition, under the balancing test of Rule 403, these convictions should be admitted. "Under Rule 403, a district 'court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice." United States v. Munoz, 765 Fed. Appx. 547, 550 (2d Cir. 2019) (summary order) (quoting Fed. R. Evid. 403). The Second Circuit has explained, "unless the risk of unfair prejudice, confusion or delay *substantially* outweighs the probative value of a felony conviction, it is the finder of fact's function to assess the probative value of a witness's *specific* conviction or convictions as part of its overall evaluation of the witness's credibility." United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005) (emphasis added). First, the impeachment value is high in demonstrating plaintiff's character as a repeat felon. Further, as explained, the convictions are not impermissibly remote in time. Third, there are no false arrest or malicious prosecution claims, and so these felony convictions will not improperly color the conduct at issue. Here, the issue in question pertains to the level of force utilized by Officer Lobello and his canine Rocco during plaintiff's arrest. The felony convictions are probative as plaintiff will attempt to dispute Officer Lobell's version of events and these facts evidence plaintiff's intent, absence of mistake, motive, and bias, and would not amount to improper propensity evidence. In addition, plaintiff has testified in the past that on the date in question, he merely picked up the gun moments before being stopped. The jury should be permitted to hear that this is not the only time that plaintiff apparently illegally possessed a weapon. Thus, the evidence of plaintiff's felony convictions creates no likelihood of prejudice under this Rule 403 factor.

The final factor – the relative importance of plaintiff's credibility to the matter at hand – irrevocably seals the outcome of this Rule 403 analysis, in which all four factors land squarely in defendants' favor. The sole issue to be determined in this liability trial is whether Officer Lobello unnecessarily and excessively released his canine Rocco on plaintiff, as plaintiff alleges, or if plaintiff attempted to resist Officer Lobello and evade arrest, as defendants maintain. Where a case is "narrowed to the credibility of two persons -- the accused and his accuser -- in those circumstances there is a greater, not less, compelling reason to explore all avenues which would shed light on which of the two witnesses is to be believed." Blake v. City of New York, No. 05-CV-6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, at *3 (S.D.N.Y. July 13, 2007) (citation and quotation marks omitted). See also Williams v. McCarthy, No. 05-CV-10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *4-5 (S.D.N.Y. Oct. 25, 2007) (where "the versions of the events by the parties are radically different, witness credibility will be especially important in this case"); Jones v. City of New York, No. 98-CV-6493 (LBS), 2002 U.S. Dist. LEXIS 2052, at *8 (S.D.N.Y. Feb. 11, 2002) (in excessive force case, court admitted evidence of the plaintiff's prior convictions for felony criminal mischief, burglary and criminal possession of stolen property, noting that plaintiff's success "hinge[d] entirely on his credibility").

In addition to plaintiff's felony convictions, his April 12, 2012 conviction for misdemeanor Resisting Arrest should also be admitted, as was detailed in defendant's motions *in limine*. It is undisputed that plaintiff was convicted of two crimes in relation to his February 15, 2008 arrest. Here, both of these convictions bear on the ultimate question at issue, which is whether the force used by Officer Lobello was excessive. Defendants are aware that plaintiff prior conviction for Resisting Arrest does not preclude him from bringing an excessive force claim, however, it does preclude him from completing denying that he resisted arrest. As the jury

determined, plaintiff was found to have intentionally prevented or attempted to prevent Officer Lobello from affecting an authorized arrest. N.Y.P.L. § 205.30. Plaintiff may argue to the jury that his resistance only lasted a short period of time but the fact that he did resist has been settled as a matter of law. To omit the fact that plaintiff was convicted of this offense would only lead to confuse a jury or cause the jury to incorrectly infer that plaintiff was acquitted.

As a result, defendants maintain that the probative value of admitting the fact of plaintiff's Resisting Arrest conviction outweighs any prejudicial effect against him.

**B. Plaintiff's subsequent arrest and conviction is admissible under F.R.E. 404(b).**

"To determine the admissibility of bad-acts evidence pursuant to Fed. R. Evid. 404(b)," the Second Circuit applies the test elucidated by the Supreme Court in Huddleston v. United States, 485 U.S. 681 (1988). United States v. Cole, 26 Fed. Appx. 45, 48 (2d Cir. 2001). In particular, the Court looks to "(1) whether the evidence is offered for a "proper purpose" under Rule 404(b); (2) whether the evidence is relevant under Rules 401 and 104(b); and (3) whether the probative value of the evidence outweighs its potential unduly to prejudice the defendant." Id. at 48. All three prongs are satisfied in this matter.

Plaintiff's overall record of arrests is admissible under Rule 404(b) and probative towards demonstrating bias against law enforcement. In particular, plaintiff testified that he was assaulted by the canine Rocco without warning or justification. This establishes a bias and motive to fabricate a story. Likewise, plaintiff's law enforcement contacts are probative of his motive, bias and attitude towards law enforcement officers and Courts in general. Plaintiff will contend that he was wholly compliant at all times in an effort to paint himself as a victim. However, plaintiff's history of criminal conduct, demonstrates that he has no regard for police authority.

As to the second prong, the evidence is relevant. As set forth above, plaintiff will

attempt to dispute the defendants' version events by offering his own version where he is simply a victim of an out of control police officer. This evidence is probative of these facts since evidence of plaintiff's intent, absence of mistake, motive, and bias make it more likely than not that plaintiff resisted Officer Lobello as he tried to leave the scene and reach for the weapon.

Finally, evidence of plaintiff's convictions will not unduly prejudice plaintiff. Here, plaintiff is seeking monetary damages for his claim of excessive force and the alleged injuries. "Plaintiff's credibility on the stand is of decisive importance," (see Daniels v. Loizzo, 986 F. Supp. 245, 251 (S.D.N.Y. 1997)). Thus, the probative value of the evidence is high, since it goes to the heart of his claims. Further, there is little basis to believe plaintiff will be unduly prejudiced by this evidence.

**C. Plaintiff's subsequent law enforcement contacts are admissible to rebut his claim for damages.**

Plaintiff is alleging damages for emotional injuries. In particular, plaintiff pled that he was caused to suffer and continues to suffer from severe physical and psychological pain and suffering as result of the incident in this lawsuit. Plaintiff's history of arrests and convictions wholly contradict plaintiff's allegations that would support his emotional damages claim.

Courts in both the Southern and Eastern Districts of New York have permitted inquiry into a plaintiff's arrest history for the purposes of emotional damages. A common rationale is that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained." Wilson v. City of New York, No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006).

Subsequent to the February 15, 2008 incident, plaintiff engaged in criminal acts which would serve to put him in contact with law enforcement, leaving questions about his alleged emotional injuries. These convictions illustrate that plaintiff's life has not in fact changed

since he continues to behave in the same illicit manner as he did before his encounter with defendant in this matter.

For these reasons and the reasons laid out in defendants' moving papers, these convictions should be admitted.

**POINT II**

**DEFENDANTS SHOULD NOT BE EXCLUDED FROM PRESENTING THE FIREARM TO THE JURY**

Defendants should be permitted to show the jury the firearm that plaintiff was carrying and the source of the threat perceived by Officer Lobello. The introduction of the gun would not "divert the jury's attention" as plaintiff claims. United States v. Blum, 62 F.3d 63, 68 (2d Cir. 1995). Here instead, the gun will help to aid the jury in understanding what Officer Lobello felt and believed to be a gun when – *as both parties agree* – he placed his hand on plaintiff's chest as he attempted to leave the scene. This case is distinctive from those cited by plaintiff. For example, in Orr v. Shea, the Court excluded evidence that had been seized during the execution of a search warrant. 2021 US Dist. LEXIS 92199, at *25 (D Conn May 14, 2021, No. 3:17-cv-00788 (VAB)). The Court in Orr found that the plaintiff's possession of "drug paraphernalia, empty magazines, bullets, and other items" was not relevant to the question of excessive force. Id. That is simply not the case here, as Officer Lobello has testified that while canvasing for armed suspects, he encountered plaintiff and felt the item underneath plaintiff's clothing, which, he believed was a gun. This belief would clearly help inform Officer Lobell's subsequent decisions as they relate to his interaction with plaintiff and the relevant force that he ultimately utilized. While Officer Lobello may not have seen the gun until after force was used, he was aware of the gun. Allowing the jury to see it will allow jurors, who may not be familiar

with firearms, to understand what Officer Lobello was facing and how he knew it was a gun as opposed to another object.

There is also no danger of confusion as plaintiff maintains, especially as it relates to the "dangers associated with firearms generally" as they are inherently dangerous. Plaintiff has already admitted that he was in possession of the gun when he approached Officer Lobello and thus there is no risk that a jury will improperly speculate as to whether or not he actually possessed it. Plaintiff is correct in that one of the central issues in this case relates to Officer Lobello's conduct. While it is undoubtedly plaintiff's aim to avoid "altering the nature of this case" the fact that Officer Lobello reasonably believed plaintiff was armed at the time he released the canine Rocco is inextricably woven into analysis and would severely prejudice Officer Lobello if he were unable to present this to the jury. At bottom, this evidence is relevant and the jury should be permitted to feel exactly what Officer Lobello felt on the plaintiff, prior to releasing Rocco.

## POINT III

## DEFENDANTS DO NOT INTEND TO INTRODUCE EVIDENCE OF MS. FIGAIRO'S IDENTIFICATION OF PLAINTIFF UNLESS PLAINTIFF OPENS THE DOOR REQUIRING REBUTTAL

Defendants do not seek to introduce any of these materials affirmatively, however, defendants are cognizant that plaintiff may wish to testify as to his own activities leading up to his encounter with Officer Lobello. Defendants would only seek to introduce evidence of the existence of the identification only in the event plaintiff opens the door. Plaintiff should not be granted a blank check to testify in any manner that he wishes, if it direct conflicts with sworn opposing testimony.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Correction Officer Hugh Hall and Correction Officer Harry Robinson respectfully request that the Court deny plaintiff's motion *in limine*, and any such further relief as the Court deems just and proper.

Dated: New York, New York
November 30, 2022

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-149
New York, New York 10007
(212) 356-2657
jzangril@law.nyc.gov

By: ___/s/________________________
JOSEPH ZANGRILLI
*Senior Counsel*
Special Federal Litigation Division

cc: VIA ECF: All counsel of record