**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERMAINE DUNHAM,<br>Plaintiff,<br>-against-<br>PHILIP LOBELLO,<br>Defendant. | No. 11-cv-01223-ALC-SLC |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S UNTIMELY MOTION *IN LIMINE***

Twenty minutes after this Court entered its December 1, 2022 Order adjourning the December 7, 2022 trial in this matter (Dkt. 233), Defendant Philip Lobello filed an untimely motion *in limine* (the "Motion") to exclude Patricia Young, Plaintiff's sister, from testifying (Dkt. 234). This filing plainly disregards the Court's November 17, 2022 Scheduling Order, which ordered the parties to file all "opening motions *in limine*" no later than November 28, 2022. Dkt. 212. "That [a] motion *in limine* is untimely is reason alone to deny it." *Kokoska* v. *Carroll*, 2015 WL 1004303, at *1 (D. Conn. Mar. 6, 2015) (collecting cases). *See also Lee* v. *County of Onondaga*, 2016 WL 9441028, at *2 n.1 (N.D.N.Y. Oct. 26, 2016) (denying motion *in limine* "for the separate reason that it is untimely").

This late filing is plainly improper. Nowhere in its December 1 Order did the Court modify its prior scheduling order or state that its previously established submission deadlines had changed. Defendant did not give the Court or Plaintiff any warning about the Motion, failed to provide any explanation for the delay, and did not request leave to file a late motion *in limine* three days after the deadline to file opening motions *in limine* had passed and one day after the deadline

for responses to the motions *in limine* had passed.[1] *See* Dkt. 212; *Lupe* v. *Shinseki*, 2013 WL 592669, at *5 (N.D.N.Y. Feb. 14, 2013) (denying untimely motion *in limine* filed seven days late where Defendant "provided no explanation for the delay in filing"). Defendant had ample opportunity to file his Motion on time, alongside the thirteen other motions *in limine* Defendant filed on November 28, 2022, but simply failed, without explanation, to do so. The Motion should be denied on that ground alone.

But even if Defendant's Motion were timely, it fails on the merits. Tellingly, Defendant does not cite a *single case* to support his Motion. Defendant argues that Ms. Young's testimony "is of minimal value" because she will not be testifying about how the events of February 14, 2008 unfolded. Motion at 3. But how and why Defendant used excessive force against Mr. Dunham that day are not the only issues in this case. Also at issue is the impact of that unlawful use of force on Mr. Dunham and the damages he suffered. Ms. Young can testify to her observations of Mr. Dunham prior to and following the incident. "[L]ay witnesses c[an] testify about the subject of damages and traditionally do so." *United Realty Advisors, LP* v. *Verschleiser*, 2019 WL 4889420, at *4 (S.D.N.Y. Oct. 3, 2019); *see also O'Connell* v. *Onondoga Cnty.*, 2012 WL 12895023, at *2 (N.D.N.Y. Sept. 10, 2012) ("[R]egarding emotional damages . . . Plaintiff may offer testimony from other lay witnesses, *e.g.*, family, friends and coworkers, about their personal observations of Plaintiff."). In fact, courts consider the testimony of witnesses in Ms. Young's position "highly probative," and generally conclude that such testimony "outweighs the expenditure of time necessary for the testimony under Rule 403." *Rosario* v. *City of New York*,

[1] The failure to apply for an extension of time violates Your Honor's Individual Rule 1.D, which states that all "[a]pplications for . . . extensions of time . . . be made by letter . . . at least two business days before the scheduled appearance. . . . *Failure to comply with these requirements will result in a denial of the request, absent good cause shown*." *Id.* (emphasis in original).

2021 WL 9455782, at *2 (S.D.N.Y. Nov. 23, 2021); *see also Shiwbodh* v. *Caribbean Airlines Ltd.*, 2018 WL 1514242, at *17 (D. Conn. Mar. 27, 2018), (permitting testimony of plaintiff's husband regarding plaintiff's daily activities and mood following an injury caused by defendant) *amended in part*, 2018 WL 3241350 (D. Conn. July 3, 2018); *Lent* v. *CCNH, Inc.*, 2015 WL 7283186, at *3 (N.D.N.Y. Nov. 16, 2015) (permitting lay witness testimony regarding the plaintiff's change in demeanor as a result of her employment with the defendant).

Courts in this District regularly rely on such testimony in 42 U.S.C. § 1983 cases. For instance, in *Rosario* v. *City of New York*, 2021 WL 9455782 (S.D.N.Y. Nov. 23, 2021), the court permitted the plaintiff's defense attorney and the attorney's administrative assistant to serve as "damages witnesses" by "testify[ing] to their observations of [the] [p]laintiff" during his incarceration, a period during which the plaintiff alleged that he was injured by staff at the facility where he was incarcerated. *Id.* at *2. At a damages hearing in *Byrnes* v. *Angevine*, 2015 WL 3795807 (N.D.N.Y. June 17, 2015), also a § 1983 case, the plaintiff's claims that he suffered mental anguish as a result of an arrest "were substantiated, in part, by testimony from [the plaintiff's girlfriend]." *Id.* at *7. In *Mathie* v. *Fries*, 935 F. Supp. 1284 (E.D.N.Y. 1996), *aff'd*, 121 F.3d 808 (2d Cir. 1997), another § 1983 case, the plaintiff's mother was permitted to testify regarding her observations of the plaintiff's behavioral changes and physical injuries while he was incarcerated and allegedly being abused by a member of the staff at the detention facility. *Id.* at 1302-03. As in those cases, Ms. Young's observations of Mr. Dunham are both relevant and appropriate to assist the court and jury in understanding the amount of force Defendant used on Mr. Dunham and the extent of Mr. Dunham's injuries.

Defendant also argues that Ms. Young's testimony should be excluded because her position as a corrections officer "will be used to bolster Plaintiff's credibility." Motion at 4.

Plaintiff's pre-trial filings make clear that Ms. Young will testify about her observations of the harm Mr. Dunham suffered as a result of Defendant's use of a police dog on Mr. Dunham, and not about Mr. Dunham's credibility. *See* Pretrial Memorandum at 7 (Dkt. 218). But even if her testimony supports Mr. Dunham's credibility, "bolstering . . . is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process rights to a fair trial." *Ochoa* v. *Breslin*, 798 F. Supp. 2d 495, 505-06 (S.D.N.Y. 2011) (quoting *Nieves* v. *Fischer*, 2004 WL 2997860, at *7 (S.D.N.Y. Dec. 28, 2004)).

Defendant does not cite any case in which a witness was precluded from testifying because the nature of her occupation was likely to render her more credible to a jury, and Plaintiff has not found any. Corrections officers regularly testify as witnesses in federal court proceedings.[2] Ms. Young's testimony is not improper simply because it may be consistent with the testimony of another witness. *See, e.g.*, *United States* v. *Johnson*, 2013 WL 6002717, at *2 (D. Conn. Nov. 12, 2013) (permitting testimony to "establish the amount of damages and corroborate[] the testimony of [a witness] whose credibility Defendant sought to and to an extent did impeach on cross-examination.").

In short, Ms. Young's testimony is relevant and admissible, and Defendant's "bolstering" argument is entirely without merit.

* * *

[2] *See, e.g.*, *DiPippo* v. *County of Putnam*, 2019 WL 1004152, at *6 (S.D.N.Y. Feb. 28, 2019); *Finley* v. *Graham*, 2014 WL 10965412, at *2 (S.D.N.Y. Aug. 26, 2014), *report and recommendation adopted*, 2016 WL 47333 (S.D.N.Y. Jan. 4, 2016); *Watson* v. *Mayo*, 2008 WL 538442, at *1 (S.D.N.Y. Feb. 26, 2008); *Dodge* v. *County of Orange*, 282 F. Supp. 2d 41, 45 (S.D.N.Y. 2003); *Watson* v. *Artuz*, 1999 WL 1075973, at *1 (S.D.N.Y. Nov. 30, 1999) (all permitting testimony of corrections officers).

For the foregoing reasons, Plaintiff Jermaine Dunham respectfully requests that the Court deny Defendant's Motion *in Limine*.

Dated: December 5, 2022
New York, New York

*/s/ Stephen J. Elliott*
Stephen J. Elliott
Alexandra Bodo
Cooper M. D'Agostino
Max J. Kober
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Plaintiff Jermaine Dunham*