USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/19/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

JERMAINE DUNHAM,                                  :
                                                  :
                                      Plaintiff,  :
                                                  :       **11-cv-1223 (ALC)**
              -against-                           :
                                                  :       **ORDER**
PHILIP LOBELLO,                                   :
                                      Defendant.  :
                                                  :

------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff brings this action against New York City Police Officer Lobello ("Defendant") for excessive force under 42 U.S.C. § 1983. In anticipation of trial, the parties have filed several motions in limine now pending before the Court. ECF Nos. 217, 220, 222, 224, 237. For the following reasons, the motions are **GRANTED in part** and **DENIED in part.**

## BACKGROUND

The Court assumes the parties' familiarity with the background of this case as recounted in the Summary Judgement Opinion issued on March 10, 2021. ECF No. 167. On November 17, 2022, the Court held a telephonic conference in which Defendants' motion for reconsideration was denied. In that same conference, the Court set a date for trial in this matter and ordered the parties to file opening motions in limine, proposed jury instructions, and *voir dire* questions by November 28, 2022. ECF Nos. 212, 243. Any opposition to the motions were due by November 30, 2022. *Id*. The parties filed their motions in limine and supporting memoranda on November 28, 2022. *See* ECF Nos. 217, 220-225. On November 30, 2022, the parties filed their opposition memoranda. *See* ECF Nos. 228, 231.[1] Due to a scheduling conflict on the Court's part, the trial was adjourned

---

[1] Defendants originally filed their opposition at ECF No. 227, but due to a filing error, Defendants re-filed

on December 1, 2022. ECF No. 223. On that same day, past the Court's deadline, Defendants filed

a motion in limine seeking to preclude one of Plaintiff's witnesses from testifying. ECF No. 237.[2]

Plaintiff filed his opposition to this final motion in limine on December 5, 2022. ECF No. 236.

The trial was rescheduled to begin on April 24, 2023. ECF No. 240. Plaintiffs then requested an

adjournment until April 26, 2023, which the Court granted. ECF Nos. 241-242.

## LEGAL STANDARD

### Motions in Limine

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the

admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd.*,

381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4

(1984)). "Evidence should be excluded on a motion in limine only when the evidence is clearly

inadmissible on all potential grounds." *Id*.

"[C]ourts considering a motion in limine may reserve decision until trial, so that the motion is

placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536

(E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F.Supp. 276, 283

(S.D.N.Y.1996)). Motions in limine are meant for "disputes over the admissibility of discrete items

of evidence," not "whole topics and sources of prospective evidence." *MF Glob. Holdings Ltd. v.

PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 566 (S.D.N.Y. 2017). A trial court's ruling

on a motion in limine is "subject to change when the case unfolds." *S.E.C. v. Tourre*, 950 F. Supp.

2d 666, 676 (S.D.N.Y. 2013). "Indeed[,] even if nothing unexpected happens at trial, the district

---

their opposition at ECF No. 231 on December 1, 2022. With the understanding that Defendants' original
brief was filed on November 30 and that the-refiling was simply to correct a clerical error, the Court will
refer only to ECF No. 231 and the original filing date.

[2] Defendants originally filed this motion in limine at ECF No. 234, but due to a filing error, Defendants re-
filed their motion at ECF No. 237 on December 16, 2022. The Court will refer only to ECF No. 237 and
the original filing date.

judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41–42.

Federal Rule of Evidence 402 provides that relevant evidence is generally admissible at trial. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## DISCUSSSION

### I.   Plaintiff's Motions in Limine

Plaintiff seeks to preclude Defendant from (1) introducing into evidence any of Mr. Dunham's prior criminal convictions; (2) introducing into evidence or displaying to the jury the physical firearm that he recovered from Mr. Dunham's person on February 14, 2008; and (3) introducing any evidence regarding alleged misconduct by Mr. Dunham on the night of February 14-15, 2008 (the "2008 Arrest") before his encounter with the Defendant. The Court addresses each claim in turn.

### 1.   Plaintiff's Prior Criminal Convictions

The Court will address both parties' motions in limine related to Mr. Dunham's past criminal convictions.  Plaintiff asks the Court to preclude Defendant from introducing into evidence any of Mr. Dunham's prior criminal convictions, including (1) his 1999 felony conviction for criminal sale of a controlled substance in the third degree (N.Y.P.L. § 220.39), (2) his 2005 and 2009 violation convictions for disorderly conduct (N.Y.P.L. § 240.20), (3) his 2010 and 2011 felony

convictions for criminal possession of a firearm in the second degree (N.Y.P.L. § 265.03), and (4) his 2011 misdemeanor conviction for resisting arrest (N.Y.P.L. § 205.30). Pl's MIL 1, ECF No. 221. Defendants, on the other hand, moved to offer evidence of Plaintiff's 2011 convictions for criminal possession of a weapon in the second degree (N.Y.P.L. § 265.03) and resisting arrest (N.Y.P.L. § 205.30). Defs.' Mot., ECF No. 217 at 10. In Defendants' opposition to Plaintiff's motions, Defendants also argue that Plaintiff's 2010 felony conviction for criminal possession of a firearm in the second degree and his arrest record is admissible.

Rule 609 governs the use of prior convictions for purposes of impeachment. *See* Fed. R. Evid. 609. The Rule provides that for purposes of attacking the witness' character for truthfulness in a civil case, prior convictions are admissible as follows: (1) if the crime was punishable by death or imprisonment "in excess of one year" (a felony conviction), the evidence of that conviction "must be admitted, subject to Rule 403"; and (2) if the court can "readily ... determine[ ] that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness," then the court must admit the evidence "regardless of punishment." Fed. R. Evid. 609(a)(1),(2). Additionally, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the felony conviction is admissible only if (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it." Fed. R. Evid 609(b).

Under Rule 609(b), "convictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances, as convictions over ten years old generally do not have much probative value." *United States v. Brown*, 606 F. Supp. 2d 306, 313 (E.D.N.Y. 2009) (internal citations and quotation marks omitted).

A.  1999 Conviction

Plaintiff argues that any conviction whose sentence concluded before December 2012 should

be excluded from this action. As to the 1999 conviction of criminal sale of a controlled substance

in the third degree (N.Y.P.L. § 220.39), Plaintiff was adjudicated as a youthful offender and

discharged on July 14, 2004. Ex. A to Pl's MIL 1, ECF No. 221-1. The Defendants do not

specifically address the 1999 conviction. The Court agrees this conviction is not admissible for

impeachment purposes. *See* Fed. R. Evid. 609(d); *Stephen v. Hanley*, No. 03CV6226KAMLB,

2009 WL 1471180, at *10 (E.D.N.Y. May 21, 2009) (the fact and date of youthful adjudication

are not admissible "for purposes of impeachment pursuant to Rule 609"). Plaintiff's request to

preclude the 1999 conviction for impeachment purposes is **GRANTED.**

B.  2005 Conviction

In 2005, Mr. Dunham pled guilty to disorderly conduct (N.Y.P.L. § 240.20). Plaintiff argues

this conviction for which Mr. Dunham received a conditional discharge is not probative of Mr.

Dunham's propensity for honesty and should be excluded for impeachment purposes. Pl's MIL 1

at 5. Defendants do not specifically address Plaintiff's argument as to this conviction. The Court

agrees this 17-year-old conviction is not admissible for impeachment purposes pursuant to Rule

609. Plaintiffs' request to preclude the 2005 conviction for impeachment purposes is **GRANTED.**

C.  2009 Conviction – Disorderly Conduct

On December 14, 2008 Plaintiff was arrested for disorderly conduct. Ex. B to Pl's MIL 1, ECF

No. 221-2.  On July 29, 2009, Plaintiff pleaded guilty to this violation and received a conditional

discharge. *Id*. Plaintiff argues that Defendant has no basis to introduce his 2009 disorderly conduct

(N.Y.P.L. § 240.2) conviction as impeachment evidence. Under the first prong of Rule 609(a)(1),

this conviction is not admissible for purposes of impeachment because it is not punishable by either

death or imprisonment exceeding one year. Disorderly conduct is only punishable with a maximum

15 days imprisonment. N.Y.P.L. § 70.15. Similarly, it is inadmissible under the second prong of

Rule 609(a)(2) because it cannot be "readily ... determined that ... the elements of the crime[s] required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). Disorderly conduct does not involve dishonest or false statements. Plaintiff's request to preclude the 2009 conviction for impeachment purposes is **GRANTED**.

    D.  <u>2010 and 2011 Felony Convictions</u>

Following the 2008 Arrest, Plaintiff was found guilty of criminal possession of a firearm in the second degree (N.Y.P.L. § 265.03) and resisting arrest (N.Y.P.L. § 205.30). Mr. Dunham was also arrested on February 24, 2009 for criminal possession of a firearm in the second degree (N.Y.P.L. § 265.03). He was convicted of this offense on October 29, 2010. *See* Ex. C to Pl's MIL 1, ECF 221-3. Plaintiffs seeks to preclude the criminal possession convictions under Rules 403, 404(b), and 609(a). Defendants seek to introduce both convictions. Defs.' Mots., ECF No. 217 at 10; Defs.' Opp., ECF No. 231 at 1.

  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 609(a) provides that the probative value of felony convictions must considered "subject to Rule 403 in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A).  In applying the Rule 403 balancing test, "courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977).

    Applying these principles, the Court finds that the first factor weighs against admission of the prior convictions. "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a

witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir.2005). However, "[i]t is well settled that the impeachment value of possessing a firearm is low." *United States v. Rodney Johnson*, No. S5 10 CR. 431 CM, 2013 WL 6091601, at *13 (S.D.N.Y. Nov. 15, 2013); *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) ("Illegally possessing a firearm is not an example of prior untruthfulness nor is it a crime of deception, and such a conviction does not offer insight into how credible a witness . . . would be.").

As to the second factor of remoteness, Plaintiff's convictions are not remote, and this factor weighs toward admission. As to the importance of credibility, the Court agrees that the credibility of the parties is important to this lawsuit. As explained previously, however, possession of a firearm has limited probative value for credibility. This factor favors exclusion. As to the factor of similarity, the Court finds this factor also weighs against admission. Therefore, the majority of the considered factors favor exclusion. Due to the minimal probative value and the prejudice of Plaintiff's convictions, the Court **GRANTS** Plaintiff's request to preclude these convictions. Defendant's motion is **DENIED**.

In their opposition to the Plaintiff's motion in limine, Defendants separately argue that Plaintiff's subsequent arrest for criminal possession of a weapon in the second degree after the 2008 Arrest may be brought in under 404(b) because it is probative to demonstrating bias against law enforcement. Defs.' Opp. at 5-6. Defendants do not cite to any case where a Court has allowed admission of an arrest record under this theory. It appears to the Court that the Defendants are seeking to introduce this evidence to demonstrate propensity; therefore, it is not admissible. Defendants' motion is **DENIED**.

E.   2011 Conviction for Resisting Arrest

Plaintiff seeks to preclude Mr. Dunham's 2011 conviction for resisting arrest that arose from the 2008 Arrest as impeachment evidence under Rule 609(a). Additionally, Plaintiff argues that Defendant may not introduce the resisting arrest conviction as *prima facie* evidence that his use of force was warranted. Defendants argue that this conviction "bear[s] on the ultimate question at issue, which is whether the force used by Officer Lobello was excessive." Defs.' Opp. at 4. Defendants explain that omitting the fact that Plaintiff was convicted of this offense would only lead to confuse a jury or cause the jury to incorrectly infer that plaintiff was acquitted, and therefore the probative value outweighs any prejudicial effect on him. *Id*. at 5.

Under the first prong of Rule 609(a)(1), this Class A misdemeanor conviction is not admissible for purposes of impeachment because it is not punishable by either death or imprisonment exceeding one year. This offense if punishable by only up to 364 days in prison. N.Y.P.L. § 70.15. Similarly, it is inadmissible under the second prong of Rule 609(a)(2) because it cannot be "readily ... determined that ... the elements of the crime[s] required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person." N.Y.P.L. § 205.30; *see also Curry v. City of Syracuse*, 316 F.3d 324, 336 (2d Cir. 2003) (the elements of resisting arrest under New York law are that "the person charged must have intentionally attempted to prevent the arrest of himself or someone else" and "the arrest he attempted to prevent must itself have been supported by a warrant or probable cause."). The elements of this offense do not require proof of false statement or dishonesty.

As to the second aspect of this request, Plaintiff "expects that Defendant Lobello would like to introduce the conviction to provide background[,] . . . to indicate Mr. Dunham's resistance

somehow warranted" the alleged excessive force. Pl.'s MIL 1 at 6. The Court finds that the introduction of this conviction for such purposes is not appropriate. While the Court agrees this conviction is relevant to whether Defendant used excessive force, the Court must still consider Rule 403 to determine whether the evidence should be admissible. Informing the jury of this conviction "will not aid that evaluation of the evidence in a way that outweighs the potential for the fact of the conviction to confuse the issues." *Hicks v. Craw*, No. 517CV475TJMATB, 2022 WL 3593623, at *2 (N.D.N.Y. Aug. 22, 2022). Because "the jury can find for the Plaintiff even though he resisted arrest, the fact of his misdemeanor conviction is unduly prejudicial." *Id*. Plaintiff's motion is therefore **GRANTED**. Defendants' motion is **DENIED.**

### F.   Plaintiff's Subsequent Arrest Record

In their opposition to the Plaintiff's motion in limine, Defendants argue that Plaintiff's subsequent law enforcement contacts—after the 2008 Arrest—are admissible to rebut his claim for damages. Defs.' Opp. at 6-7. Defendants cite *Wilson v. City of New York*, No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006) for the proposition that courts have permitted inquiry into a plaintiff's arrest history for the purposes of emotional damages. In *Wilson*, the Plaintiff brought claims for false arrest and malicious prosecution under Section 1983, and the Court reasoned that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained" and therefore the plaintiff's prior experiences involving arrest and detention is relevant to the damages determination. *Wilson*, 2006 U.S. Dist. LEXIS 90050, at *1-2. Here, however, Plaintiff has no claim for false arrest and Defendants seek to introduce arrests subsequent to the 2008 Arrest at issue. It is unclear to the Court how subsequent arrests, not involving canine officers, would factor into the calculation of emotional damages related to an alleged attack by a dog. At this juncture, Defendants' motion is **DENIED.**

## 2.   The Physical Firearm

Plaintiff requests that the Court preclude Defendant Lobello from introducing into evidence or displaying to the jury the physical firearm recovered from Mr. Dunham's person on the night of the 2008 Arrest. Plaintiff argues that the firearm is unfairly prejudicial and would divert the jury from the fact which should control their verdict. Pl's MIL 2, ECF No. 223 at 2. Defendants oppose this characterization. They believe the gun will "aid the jury in understanding what Officer Lobello felt and believed to be a gun when he placed his hand on Plaintiff's chest." Defs.' Opp. at 7.

As explained previously, under Rule 403 "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'[P]rejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions.'" *United States v. Brown*, No. S2 16CR559(DLC), 2017 WL 2493140, at *2 (S.D.N.Y. June 9, 2017) (quoting *United States v. Mercado*, 573 F.3d 138, 146 (2d Cir. 2009)). The Court agrees that the physical introduction of the firearm would be prejudicial to the Plaintiff in that it might inflame members of the jury. However, the Court finds that the probative value is not substantially outweighed by this prejudicial effect. The firearm is relevant to the issue at hand— namely Defendant's actions during the 2008 Arrest. If Defendant's actions were motivated by feeling the firearm on Plaintiff's person, then the jury should be allowed to see the firearm in question to understand what the Defendant felt he was facing. Therefore, Defendants are permitted to display the firearm. Accordingly, Plaintiff's motion is **DENIED.**

## 3.   Misconduct by Plaintiff

Plaintiff requests that the Court preclude Defendant Lobello from introducing any evidence

regarding alleged misconduct by Plaintiff on the night of 2008 Arrest before his encounter with the Defendant. Specifically, Plaintiff moves to exclude evidence admitted at his criminal trial regarding the "purported identification" of him by witness Isabel Figairo as the person who broke the window of her car before Mr. Dunham's arrest. Pl's MIL 3, ECF No. 225. Plaintiff attached an excerpt of the criminal trial transcript as Exhibit A to his motion. ECF No. 225-1.

Defendants explained they do not seek to introduce any of these materials affirmatively and that they would only seek to introduce evidence of this identification in the event Plaintiff "opens the door." Defs.' Opp. at 8.  Defendants argued that Plaintiff should not be granted a "blank check to testify in any manner that he wishes, if it direct[ly] conflicts with sworn opposing testimony." *Id*. At this stage, Plaintiff's motion is **DENIED**. The parties are free to raise this issue again at trial if it comes up.

## II.   <u>Defendant's Motions in Limine</u>

Defendants seek to preclude Plaintiff from (1) referring to the City of New York as a defendant and from referring to Defendant's counsel as "City Attorneys"; (2) introducing or otherwise refer to the possibility that the City of New York will indemnify Defendant Lobello; (3) requesting a specific dollar amount from the jury; (4) inquiring about any disciplinary history of, or any prior or current lawsuits against Defendant Lobello, including any unsubstantiated findings of excessive force or false statements, as well as related documents; (5) referring to unrelated instances of police or correction misconduct, such as events reported in the media, class actions and criminal investigation; (6) referring to the NYPD Patrol Guide, canine training records and veterinary records; (7) asserting he did not resist arrest or denying that he possessed a weapon on the night he was arrested; (8) introducing evidence of theories of liability which have been dismissed or stayed pending the outcome of this matter and from arguing that Defendant Lobello's actions were

racially motivated and (9) claiming or submitting evidence that Defendant should have responded in a different manner or that he escalated the situation.  Defendant also seeks to preclude testimony from (10) Plaintiff's expert witness Dr. Marc Serota and (11) Plaintiff's sister Patricia Young. Finally, Defendants seeks to (12) introduce evidence of Plaintiff's criminal history and (13) Defendants, once again, argue that Defendant Lobello is entitled to qualified immunity. The Court addresses each claim in turn.

### 1. Defendant's Motion to Preclude Referring to the City of New York as a Defendant and from Referring to Defendant's Counsel as "City Attorneys

Defendants request that the City of New of York ("City") should not be mentioned at trial and that it should be removed from the caption for any documents presented to the jury for trial because any mention of the City would prejudice Defendant Lobello. Defs.' Mots. at 1-2.

Additionally, Defendants request that Defendants' counsel should be referred to only as "defense counsel" or "attorneys from the Office of the Corporation Counsel." *Id*.  Because the Court has bifurcated this action and ordered that the City be removed from the caption, ECF Nos. 139, 186, the Court **GRANTS** Defendants' request to remove the City from documents filed or served in this matter that are presented to the jury. Plaintiff argues, however, that he should not be required to remove every mention of the City in other documents that the jury may see, such as incident reports or other evidentiary materials. Pls' Opp., ECF No. 228 at 2-3. At this juncture, the Court agrees with Plaintiff, but this specific issue may be raised at trial.

Defendants' "city attorneys" request is also **GRANTED**. Plaintiff is precluded from referring to the City in this case and Defendants' counsel shall be referred to as attorneys from the Office of the Corporation Counsel. The jury will be informed that the Corporation Counsel represents members of the New York City Police Department which is an agency of the City of New York. *See Hernandez v. Kelly*, No. 09 CV 1576 TLM LB, 2011 WL 2117611, at *6 (E.D.N.Y. May 27,

2011).

### 2. Defendants' Motion to Preclude as to Indemnity

Defendants request that Plaintiff "should not be allowed to introduce or otherwise refer to the possibility that the City will indemnify the defendant officer." Defs.' Mots. at 2. Defendants explain that Defendant Lobello will not proffer evidence regarding his personal financial resources or ability to pay punitive damages at trial. *Id*. Plaintiff argues that such a "blanket prohibition" is inappropriate because it would "prevent Plaintiff from introducing evidence of indemnification 'if Defendant raises the issue of his personal financial resources or ability to pay damages.'" Pl's Opp. at 3 (quoting *Ross* v. *Guy*, No. 18CV1340WFKPK, 2022 WL 768196, at *6 (E.D.N.Y. Mar. 14, 2022)). The Court agrees that "whether the City would indemnify the Defendant will have little relevance to the issues before the jury, and this limited relevance is substantially outweighed by the danger of unfair prejudice to the Defendant." *Ross*, 2022 WL 768196, at *6. However, if Defendant Lobello "raises the issue of his personal financial resources or ability to pay damages, he would 'open the door' and allow Plaintiff to introduce evidence of the indemnity agreement." *Id*. Therefore, Defendants' motion is **GRANTED in part.**

### 3. Defendants' Motion to Preclude Requesting Specific Dollar Amount from the Jury

The Defendant requests the Court preclude the Plaintiff from requesting a specific dollar amount from the jury. Defs.' Mot. at 3. The Second Circuit has "not adopted a per se rule about the propriety of suggested damage amounts." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Whether Plaintiff may suggest a specific dollar amount as to damages is "'best left to the discretion of the trial judge who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions.'" *Hable v. Metro-N. Commuter R.R.*, No. 18-CV-1460 (NSR), 2019 WL 4673564, at *6 (S.D.N.Y. Sept. 24, 2019)

(quoting *Lightfoot*, 110 F.3d at 912). The Court will allow the Plaintiff to suggest a specific amount from the jury. Defendants may submit a suggested limiting instruction. Defendants' motion is **DENIED.**

### 4.  Defendants' Motion as to Defendant's Disciplinary History

Defendant argues that Plaintiff should be precluded from inquiring about any disciplinary history of, or any prior or current lawsuits against, Officer Lobello, including any "unsubstantiated findings of excessive force or false statements, as well as related documents." Defs.' Mots. at 3. Defendants assert that any questioning about unsubstantiated allegations or prior lawsuits conflicts with Fed. R. Evid. 404(b). Plaintiff argues this request is overbroad and too vague to be addressed in "such an abstract manner" and that these questions are best left to the trial itself. Pl's Opp. at 5.

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This evidence may be admissible, however, for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The decision whether to admit evidence under Rule 404(b) turns on "whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." *Huddleston v. United States*, 485 U.S. 681, 688, (1988).

Defendants explain that Defendant Lobello has no substantiated allegations of excessive force or false statement. It is unclear to the Court which prior bad acts Defendants seek to preclude. While evidence of Officer Lobello's "disciplinary history, prior uses of force, and involvement in past lawsuits may be precluded under Rule 404(b)" it is not clear what evidence, and for what

purpose(s), Plaintiff intends to offer at trial. *Bryant* v. *City of Hartford*, 585 F. Supp. 3d 179, 187 (D. Conn. Feb. 14, 2022) (citing *Jackson v. City of White Plains*, No. 05-CV-0491 (NSR), 2016 WL 234855, at *2 (S.D.N.Y. Jan. 19, 2016). Additionally, the Court cannot conclude at this stage that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. The Court will therefore, at this stage, **DENY** Defendants' motion and "reserve judgment of Defendants' requests until these issues are placed in context at trial." *Bryant*, 585 F. Supp. 3d at 187 (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287).

5. **Defendants' Motion to Preclude Plaintiff from Referring to Unrelated Instances Of Police Misconduct, such as Events Reported in the Media, Class Actions and Criminal Investigation**

Defendants request that the Court bar Plaintiff from referring to "unrelated purported instances of police or correction misconduct, events reported in the news media, class actions and criminal investigations." Defs.' Mots. at 7. Defendants submit that such references are irrelevant, inadmissible, and would only serve to inflame the jury against Defendant Lobello and the New York City Police Department. Defendants also request that the Court bar Plaintiff from using terminology and colloquialisms such as "testilying" and "blue wall of silence" because such statements are highly prejudicial and inflammatory. Plaintiffs object to both aspects of the motion. First, Plaintiff argues that "[a]bsent greater specificity on what Defendant seeks to exclude, Plaintiff cannot determine whether Defendant seeks to exclude information potentially relevant to Defendant's interaction with Mr. Dunham on the night of the arrest, such as Defendant's knowledge of and adherence to the NYPD's then-existing 'practice of making unconstitutional stops and conducting unconstitutional frisks.'" Pl's Opp. at 6 (quoting *Floyd* v. *City of New York*, 959 F. Supp. 2d 540, 562 (S.D.N.Y. 2013)). Second, Plaintiff argues that Defendants' second request should be denied unless and until the issue comes up at trial.

Any discussion of misconduct by other police officers unrelated to the Defendant or events at issue in the instant case, are completely irrelevant to the task before the jury. "Additionally, "such arguments are also prejudicial because they are made precisely to suggest that the Defendant, at the very least, may have acted in conformity with the wrongful conduct of other officers." *Gogol v. City of New York*, No. 15 CIV. 5703 (ER), 2018 WL 4616047, at *6 (S.D.N.Y. Sept. 26, 2018). Therefore, the motion in limine on this aspect of the request is **GRANTED**. As to the second aspect of request concerning the use of particular words, this is a matter that can be adequately addressed during the conduct of trial. *Id.*

### 6. Defendants' Motion to Prelude Plaintiff from Referring to the NYPD Patrol Guide, Canine Training Records, and Veterinary Records

Defendants move to preclude Plaintiff from utilizing sections of the New York City Patrol Guide ("NYPD Patrol Guide"), canine training certificates, training logs and veterinary records in this matter because such evidence is irrelevant. Defs.' Mot. at 9. Specifically, Defendant argues that the NYPD Patrol Guide is not relevant to the determination of whether Plaintiff's constitutional rights were violated and that the training certificates, training logs and veterinarian records for the police canine used on the night of February 14-15, 2008 are not relevant and inadmissible to show culpable conduct. *Id.* at 9-10.

"The Second Circuit has rejected [the] Rule 402 argument 'that the Patrol Guide standard is not relevant because the excessive force standard derives from the Constitution.'" *McLeod v. Llano*, No. 17CV6062ARRRLM, 2021 WL 1669732, at *5 (E.D.N.Y. Apr. 28, 2021) (quoting *Brown v. City of New York*, 798 F.3d 94, 101 (2d Cir. 2015)). The NYPD Patrol Guide has been found to be relevant in cases involving police misconduct. *Gogol*, 2018 WL 4616047, at *5 (collecting cases).

Plaintiff argues that any canine training records, incident reports, and veterinary records of

Rocco, the dog used during the arrest of Mr. Dunham, are also relevant. Pl's Opp. at 7. Plaintiff asserts that the "these incident reports relate to Rocco's history of biting suspects on the neck and the head, contrary to the proper methods for apprehending suspects as outlined in the NYPD's K9 trainings." *Id*. The Court agrees that just as the reasonableness of an officer's use of force can be determined in part by relying on Patrol Guide standard, *Gogol*, 2018 WL 4616047, at *5, these records may offer guidance on whether Defendant Lobello's decision to release this particular dog during his encounter with the Plaintiff was reasonable. Therefore, Defendants' motion is **DENIED**. The use of this Guide, however, is still subject to relevancy considerations, and may require a limiting jury instruction. *Gogol*, 2018 WL 4616047, at *5.

7. **Defendants' Motion to Preclude Plaintiff from Asserting He Did Not Resist Arrest or Denying that He Possessed a Weapon on the Night He was Arrested**

Defendants argue that because Plaintiff was found guilty of criminal possession of a weapon ("CPW") in the second degree and resisting arrest, and his conviction was upheld on appeal, he should be "estopped from denying that he possessed a weapon or that he resisted arrest on the night he was arrested." Defs.' Mots. at 11-12. These convictions arise from Plaintiff's 2011 criminal trial.

This Court has already ruled that Plaintiff's resisting-arrest conviction does not collaterally estop him from bringing forth this excessive force claim. Summ. J. Op. & Order, ECF No. 167 at 10-12. Additionally, as explained by the Court, "the jury did not complete any special verdict form, nor did they answer any special interrogatories such that Defendants could show that any facts that would be incompatible with the claim of excessive force were necessarily decided. *Id*. at 12. Therefore this conviction does not preclude Plaintiff from providing any statements about when or how Plaintiff resisted arrest. However, the Court agrees that the Plaintiff should be precluded from testifying that he *never* resisted arrest on the night of the 2008 Arrest. Defendants' request is

therefore **GRANTED in part**.

As to the second aspect of their request, Defendants assert that "in order for Plaintiff to have been convicted of CPW the second degree, a jury had to find—beyond a reasonable doubt—that Plaintiff possessed a loaded firearm, 'with intent to use the same against another.'" Defs.' Mots. at 13-14. This is incorrect.

It appears to the Court that Plaintiff was charged with charged with two CPW charges, for violations of N.Y.P.L. § 265.03(1)(b) and N.Y.P.L. § 265.03(3). Under N.Y.P.L. § 265.03(1)(b), a person is guilty of CPW when "with intent to use the same unlawfully against another, such person (b) possesses a loaded firearm." Under N.Y.P.L. § 265.03(3), a person is guilty of CPW when "such person possesses any loaded firearm." According to the verdict sheet and trial transcript, the jury found Plaintiff not guilty of criminal possession of a weapon in the second degree with intent to use unlawfully against another. *See* Exs. A, B to Pl's Opp., ECF Nos. 228-1, 228-2. Therefore, Defendants' characterization of the conviction is incorrect. The Court agrees that Plaintiff is collaterally estopped from denying he possessed the loaded firearm on the night of the 2008 Arrest; however, he cannot be precluded from arguing that he never intended to use the firearm, because the jury did not make that finding. At this juncture, Defendants' request is **GRANTED in part and DENIED in part.**

8. **Defendants' Motion to Preclude Plaintiff from Introducing Evidence of Dismissed Theories Of Liability and From Arguing that Defendant Lobello's Actions Were Racially Motivated**

Defendant requests that Plaintiff should be precluded from introducing evidence of any claims that have been dismissed, including malicious prosecution and deliberate indifference, and claims brought against Officer Oliver. Defs.' Mot. at 14-15. Defendants acknowledge that Plaintiff's testimony about his interaction with officer Oliver may be necessary for purposes of providing a

complete narrative of the underlying events to the jury. *Id.*   However, Defendants argue that Plaintiff should not be permitted to classify Officer Oliver's actions as in violation of his constitutional rights. Defendants also request that Plaintiff should be precluded from presenting evidence of attempting to elicit testimony relating to the City's customs, policies, and practices or his theories relating to municipal liability considering Plaintiff's municipal liability claim has been stayed and bifurcated. *Id.* Plaintiff states he will not seek to present evidence solely to support his malicious prosecution or deliberate indifference claims against Defendant or Officer Oliver, or his claims against the City of New York. Pls. Opp. at 13 n.2. Therefore, Defendants' motion is **GRANTED** as to these specific requests.

Defendants also move to preclude Plaintiff from making arguments of racial motivation because the "motivation to arrest is irrelevant to plaintiff's Fourth Amendment analysis." Defs.' Mot. at 14. Plaintiff argues this request is too vague and overbroad and that to exclude all mention of facts and arguments related to race would prevent Plaintiff from presenting all of the relevant facts and circumstances confronting Officer Lobello during his encounter with Mr. Dunham. Pl's Opp. at 13. Additionally, Plaintiff asserts that race is "inextricably intertwined with the facts of this case." Pl's Opp. at 13. Because the reasonableness test under Fourth Amendment analysis "is objective, evidence going to the officer's motives would ordinarily be irrelevant." *Robles v. Salvati*, No. 3:19-CV-566 (CSH), 2022 WL 16833103, at *4 (D. Conn. Nov. 9, 2022). As held by another court in this Circuit, "evidence on the subjects of racial profiling" in an excessive force case should be "admitted insofar as they are relevant to [an] officer['s] credibility." *Id.* at *5. Therefore, at this stage, the Court **DENIES** Defendants' request to preclude all arguments of racial motivation. Defendants are free to raise this issue again at trial if it comes up.

9. **Defendants' Motion to Preclude Plaintiff from Claiming or Submitting Evidence that Defendant Should Have Responded in a Different Manner or that He Escalated the Situation**

Defendants argue that arguments or evidence that Officer Lobello created the need to use force by his actions prior to the moment of seizure, or exacerbated the situation by his actions or appearance, is irrelevant to the issues presented here, and therefore should be excluded. Defs.' Mot. at 17. Defendants cites to *Graham v. Connor*, arguing that the Supreme Court's use of the phrases "on the scene," "at the moment" and "split-second judgments" are strong indicia that the reasonableness inquiry extends only to those facts known to the officer at the precise moment the officer used the force. *Id*. at 16 (quoting *Graham v. Connor*, 490 U.S. 386, 396-397 (1989)). Plaintiff argues that the facts of this case will establish that the Defendant's actions were not a "split-second judgment." Pl's Opp. at 15. These factual disputes are for the jury to decide. Defendants' request is **DENIED** at this stage and Defendants may raise this issue again at trial.

10. **Defendants' Motion to Preclude Expert Testimony**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Federal Rule of Evidence 702 allows the admission of expert testimony if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine the fact in issue." The testimony must be "based on sufficient facts or data"; "the product of reliable principles and methods"; and the expert witness must have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Admitting expert testimony is a three-step process governed by Federal Rules of Evidence ("FRE") 702 and 403. A court must conclude that (1) a witness is "qualified as an expert;" (2) the witness's testimony is based on reliable data and methodology; and (3) the testimony will "assist the trier of fact." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005). Expert testimony

may also be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.* (quoting FRE 403).

"It is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions," *Nimely*, 414 F.3d at 395, and district courts enjoy broad discretion to admit expert testimony. *See United States v. Feliciano*, 223 F.3d 102, 120 (2d Cir. 2000). There is "a presumption of admissibility of expert evidence and 'the rejection of expert testimony is the exception rather than the rule.'" *Oleg Cassini, Inc. v. Electrolux Home Prods., Inc.*, No. 11-CV-1237 (LGS)(JCF), 2014 WL 1468118, at *6 (S.D.N.Y. Apr. 15, 2014) (quoting FRE 702 advisory committee note) (internal citation omitted). However, "[t]he proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied," *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 n.10 (1993)), and "the district court is the ultimate gatekeeper." *Id.* (internal citation omitted).

Defendants seek to exclude Dr. Marc Serota from testifying, arguing that his expert opinion lacks a reliable methodology and that he is not qualified to opine on "orthopedic or psychiatric matters." Dr. Serota is a practicing physician and plastic surgeon who is triple board certified in dermatology, allergy/immunology, and pediatrics, and who has treated many dog bite victims. *See* Pl's Pretrial Mem., ECF No. 218 at 7; Expert Report, ECF No. 247-1 ¶ 3. Plaintiff explains that Dr. Serota will "testify as to the injuries caused by the bites from Defendant Philip Lobello's police dog" and that he "will explain the seriousness of Mr. Dunham's injuries, the manner in which they were incurred, how and why those injuries were treated during Mr. Dunham's hospitalization and immediately thereafter, and Mr. Dunham's continued pain and suffering." Pl's Pretrial Mem. at 7.

As to the reliability of Dr. Serota's methodology, Defendants assert that his analysis is flawed

because "he fails to provide any methodology for how he concluded . . . that there was either 'no defensive action taken . . . or that he was unable to do so . . . and the dog may have held that position for some time.'" Defs.' Mots. at 24 (quoting Expert Report ¶ 42). Defendants also argue that much of Dr. Serota's proposed testimony does little more than "tell the jury what result to reach." *Id*. Finally, Defendants specifically argue that Dr. Serota is not qualified to opine on "the mental and emotional consequences of plaintiff's arrest, nor on Orthopedics" because he has "no training or experience. *Id*. at 25.

As to Defendants' argument that Dr. Serota is not qualified, Defendants do not cite to any specific portion of the Expert Report. But as to Dr. Serota's opinion on "psychiatric matters" the Court presumes Defendants are referring to Dr. Serota's opinions in paragraphs 29 ("His injuries affected his mental and emotional state . . . It is my opinion that those limitations and sequelae are consistent with the wounds as described by Mr. Dunham and his medical records and common to patients experiencing similar lacerations."), 44 ("It is common for victims of dog bite attacks to also report emotional or mental health sequelae as Mr. Dunham has"), and 31-32 (Mr. Dunham stated he experiences "continued anxiety and psychological distress associated with the attack, particularly when he is in the presence of dog"). It is unclear what Defendants mean by "orthopedic matters." Defendants give no examples, and the Court has not found any mention of "orthopedic matters" in the Expert Report. Therefore, the Court will not entertain this particular argument.

The Court finds Dr. Serota qualified as an expert on the presentation, treatment, and medical sequelae of an attack by a dog. As explained in his Expert Report, Dr. Serota has "personally repaired thousands of wounds and lacerations, including wounds and lacerations caused by dog bites," and he has authored a number of peer-reviewed articles in the areas of his certification, including articles regarding dermatological surgical techniques." *See* Expert Report ¶¶ 6-7, Ex. C

to Pl's Opp., ECF No. 228-3. Plaintiff also points out that the standard medical school curriculum includes clinical rotations in psychiatry, surgery, and emergency medicine. Pl's Opp. at 20. It is unclear why Plaintiff's expert should be completely precluded from reporting his findings after reviewing Mr. Dunham's medical records and completing an independent medical examination.

As to the issue of reliability, the Court finds Defendants' argument unavailing. The Expert Report describes Dr. Serota's review of Plaintiff's medical records, an in-person medical evaluation, and his view of the presentation of Plaintiff's scars. *See* Expert Report ¶¶ 13-23, 25, 29, 31, 33-39.

Defendants' arguments appear to go to the weight of the expert's testimony, not to its admissibility. Defendants' concerns about the expert's methodology can be addressed during cross-examination. As explained by the Supreme Court, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Defendants' motion is **DENIED.**

### 11. Defendants' Motion to Preclude Patricia Young as a Witness

As briefly mentioned previously, Defendants filed a motion in limine to preclude Plaintiff's witness Patricia Young from testifying on December 1, 2022—days past the Court's deadline for opening motions in limine. Plaintiff intends to call his sister, "Ms. Young—a corrections officer, Mr. Dunham's sister and his caretaker after he was injured by Officer Lobello's police dog—will testify as to Mr. Dunham's injuries and other damages he suffered as a result of the use of a police dog. Ms. Young will testify as to the immediate and ongoing effects on Mr. Dunham of the dog attack." *See* Pl's Pretrial Mem. at 7.

Although it is true that an untimely motion in limine is reason alone to deny it, *see Kokoska v.*

*Carroll*, No. 3:12CV1111 WIG, 2015 WL 1004303, at *1 (D. Conn. Mar. 6, 2015), here Defendants filed this motion only three days late and after the Court had adjourned the trial date. Accordingly, the Defendants did not file this motion "on the proverbial eve of trial." *Id*. In any event, the Court will deny Defendants' motion on the merits.

Defendants argue that because Plaintiff is not calling Ms. Young to testify about the February 14-15, 2008 incident, her testimony has either no probative value or minimal probative value. Under Rule 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of… wasting time[] or needlessly presenting cumulative evidence." Fed. R. Evid. 403. However, whether Defendant used excessive force against Mr. Dunham that day is not the only issue in this case. Also at issue is the impact of that alleged excessive use of force on Mr. Dunham and the damages he may have suffered. As explained by Plaintiff's opposition, Ms. Young can testify to her observations of Mr. Dunham prior to and following the incident, and her testimony is therefore relevant. "[L]ay witnesses c[an] testify about the subject of damages and traditionally do so. *United Realty Advisors, LP v. Verschleiser*, No. 14-CV-5903(JGK), 2019 WL 4889420, at *4 (S.D.N.Y. Oct. 3, 2019). Defendants also argue that "there is a danger that [Ms. Young's] position as a [corrections officer] will be used to bolster Plaintiff's credibility." ECF No. 237 at 4. Bolstering, however, "is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process rights to a fair trial." *Ochoa* v. *Breslin*, 798 F. Supp. 2d 495, 505-06 (S.D.N.Y. 2011). At this juncture, Defendants' motion is accordingly **DENIED**.

12. **Defendants' Motion to Introduce Evidence of Plaintiff's Criminal History**

As explained above, Defendants' motions are **DENIED**.

13. **Qualified Immunity**

Defendants once again argue that Officer Lobello is entitled to qualified immunity. In its summary judgment opinion, the Court held that Officer Lobello is not entitled to qualified immunity at this stage of the litigation. Summ. J. Op. & Order, ECF No. 167 at 15-16. Defendants do not request the exclusion of any evidence in this particular motion. Instead, Defendants appear to bring a second summary judgment motion on the issue of qualified immunity. *See Young v. Kadien*, No. 09-CV-6639-FPG, 2013 WL 4495010, at *1 (W.D.N.Y. Aug. 20, 2013) ("A motion in limine is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.") Additionally, the Court sees no reason to disturb its prior decision at this juncture. Defendants' motion is therefore **DENIED**. Defendants have requested that in the event the Court denies the instant motion for qualified immunity, Defendant Lobello intends to submit special interrogatories for the jury in an effort to aide the Court's legal decision as to whether qualified immunity is appropriate. Defendants will be permitted to submit special interrogatories. This issue should be raised during trial and before the jury begins its deliberations.

## CONCLUSION

For the foregoing reasons, the parties' motions in limine are **GRANTED in part and DENIED in part.**

**SO ORDERED.**

Dated:    **April 19, 2023**
          **New York, New York**

_____
          **ANDREW L. CARTER, JR.**
          **United States District Judge**